# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**AARON ABADI,**

        Appellant,

v.

                           **Case No. 22-1560**

**CITY OF NEW YORK,**

        Appellee.

On Appeal from:

District Court Case # 1:21-cv-08071-PAE-JLC

In the UNITED STATES DISTRICT COURT

of the SOUTHERN DISTRICT OF NEW YORK

## **SUPPLEMENTAL AUTHORITY**

AARON ABADI, Appellant
82 Nassau Street Apt 140
New York, NY 10038
Tel 516-639-4100
Email: aa@neg.com

Pursuant to FRAP Rule 28-j, Appellant/Plaintiff, Aaron Abadi, pro se, would like to make the court aware of a decision today by the New York Supreme Court in Richmond County, New York. The case is INDEX NO. 85163/2022, with multiple petitioners against the City of New York, to vacate the mask mandate and find it unlawful.  The court ordered it to be vacated immediately and for employees that were laid off, to rehire them immediately and reimburse them for lost wages.

The issues on that case have many parallel issues to mine, including the determination that it is arbitrary and capricious. Additionally, the issue of natural immunity was addressed, showing that the vaccine mandate was not just for a health purpose.

The judge's decision confirms many of my arguments in my initial brief, including those on pages 33, 37, 38, 52, 55, 62, and other  points made in the brief as well. I encourage the court to review the entire decision, attached hereto as Exhibit A.


Respectfully submitted on October 24, 2022,

s/Aaron Abadi
AARON ABADI, Appellant
82 Nassau Street Apt 140
New York, NY 10038
Tel 516-639-4100
Email: aa@neg.com

**CERTIFICATE OF SERVICE**

I, Aaron Abadi, hereby certify that on October 24, 2022, I filed this with the

Court's CM/ECF electronic filing system, which automatically sends a copy to the

Appellee electronically, to the following.

Chloe K. Moon
New York City Law Department
100 Church St.
212-356-2611
cmoon@law.nyc.gov

s/Aaron Abadi
Aaron Abadi, Appellant      October 24, 2022

SUPREME COURT OF THE STATE OF NEW YORK          EXHIBIT    A
COUNTY OF RICHMOND

---

GEORGE GARVEY, ADAM BIANCO,
ANTHONY FIGUEROA, CURTIS CUTLER,
DALE NICHOLLS, DANNY HULKOWER,
FRANK CALAMANCO, JAMES GERMANO,          Index #: 85163/2022
KOLA SMITH, MANDEL BAILEY,
MITCHUM GREENE, PATRICIA BUCCELLATO,
RALPH MARTINEZ, RUSSELL PIAZZA,
SEAN ABELL, TOMMY LIBRETTI,
                              Petitioners,

For A Judgment Pursuant To
Article 78 of the CPLR                         **DECISION & ORDER**

                  -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, NEW YORK CITY DEPARTMENT
OF SANITATION, DAVID CHOKSHI, in his official
capacity as the Commissioner of the Department of Health
and Mental Hygiene, and ERIC ADAMS, in his official
capacity as Mayor
                              Respondents.

---

Upon all of the papers filed in support of the applications and the papers filed in opposition

thereto, and after hearing oral arguments, it is

**ORDERED** that Motion #002 brought by Respondents for a judgment pursuant to CPLR

3211(a)(7) to dismiss the Petition on the grounds that the Petitioner failed to state a claim is hereby

denied.

**ORDERED** that the Petition is hereby granted as set forth below.

1

## BACKGROUND & PROCEDURAL HISTORY

On October 20, 2021, the Health Commissioner of the City of New York, David Chokshi, (hereinafter "Commissioner Chokshi" and/or "DOHMH") issued an Order of the Commissioner of the Department of Health and Mental Hygiene (hereinafter "public employee vaccination mandate"). The vaccination mandate required all City employees to show proof of at least one dose of vaccination against Covid-19 by 5:00PM on October 29, 2021. Petitioners are former-Department of Sanitation (hereinafter "DSNY") employees that were terminated in February 2022 for failure to comply with vaccination requirements. On December 13, 2021, the Commissioner extended the vaccination mandate to employees in the private sector (hereinafter "private employee vaccination mandate"). On March 24, 2022, Mayor Adams enacted Executive Order No. 62, which provided blanket exemptions from the private employers' vaccine mandate for athletes, performers, and other artists (hereinafter "private exemption order" or "Mayor's exemption").

Petitioners' central argument is that Mayor Adams' Executive Order No. 62, the private exemption order, rendered the public employee vaccination mandate arbitrary and capricious or unconstitutional. Furthermore, the Petitioners all claim, and provided laboratory documentation, that they have natural immunity to Covid-19 from prior infection(s). Respondents' central argument is that the private employers' exemption order and the public employee vaccination mandates were "created separately, and exist independently, of each other."

## MOTION TO DISMISS

Upon a motion to dismiss a complaint pursuant to CPLR §3211, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff." *Morris v. Gianelli,* 71 AD3d 965, 967 [2d Dept. 2010]. A motion to dismiss should be granted where the Complaint fails to "contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." *Matlin Patterson ATA Holdings LLC v. Fed. Express Corp.,* 87 AD3d 836, 839 (1st Dept. 2011).

CPLR §3211(a)(7) provides that "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that…the pleading fails to state a cause of action." The Court will consider "whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail." *Guggenheimer v. Ginzburg,* 43 NY2d 268, 275

2

(1977). Dismissal pursuant to CPLR 3211(a)(7) is warranted if the evidentiary proof disproves an essential allegation of the complaint, even if the allegations of the complaint, standing alone, could withstand a motion to dismiss for failure to state a cause of action. *Korinsky v. Rose,* 120 AD3d 1307, 1308 (2d Dept. 2014). Courts have repeatedly granted motions to dismiss where the factual allegations in the claim were merely conclusory and speculative in nature and not supported by any specific facts." *See Residents for a More Beautiful Port Washington, Inc. v. Town of North Hempstead,* 153 AD2d 727 [2d Dept. 1989]; *Stoianoff v. Gahona,* 248 AD2d 525 [2d Dept. 1998].

Respondents argue that the Petitioner's claims are time-barred by the applicable statute of limitations. Under CPLR Article 78, there is a four-month statute of limitations to bring a claim. Though the Respondents were terminated in February 2022, the statute of limitations would normally expire in June 2022. Typically, a termination decision becomes final and binding when a petitioner receives notice of their termination. *John v. New York City Dept. of Educ.,* 18 NY3d 457, 465-466 [2012]. However, the Court notes two very important dates that change the expiration of the statute of limitations. First, is the private exemption order issued by Mayor Adams in March 2022. Second, in June 2022, the Petitioners received letters from the Department of Sanitation, essentially being offered their jobs back if they were willing to comply with the vaccination mandate.

There are "two requirements for fixing the time when agency action becomes final and binding. First, the agency must have reached a definitive position on the issue…and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party." *Block 3066, Inc. v City of NY,* 89 AD3d 655, 656 [2d Dept 2011]. Clearly, the action by the Department of Sanitation in sending letters to the terminated employees means that the agency did *not* reach a definitive position on the issue. Furthermore, the issuance of a blanket exemption for certain professions by the Mayor's Executive Order No. 62 on March 24, 2022, which is a partial basis for this Action, opened the door to this litigation. Therefore, the Court finds this Article 78 filed timely, in light of the actions taken by the DSNY and the Mayor's Executive Order.

## ARTICLE 78

Judicial review of the acts of an administrative agency under article 78 is limited to questions expressly identified by statute (*see* CPLR §7803; *Matter of Featherstone v. Franco*, 95 NY2d 550, 554 [2000]). CPLR §7803 states:

> The only questions that may be raised in a proceeding under this article are:
> 1. whether the body or officer failed to perform a duty enjoined upon it by law; or
> 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
> 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
> 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.
> 5. A proceeding to review the final determination or order of the state review officer pursuant to subdivision three of section forty-four hundred four of the education law shall be brought pursuant to article four of this chapter and such subdivision; provided, however, that the provisions of this article shall not apply to any proceeding commenced on or after the effective date of this subdivision.

Under CPLR Article 78, the Petitioners must establish that the agency determination or decision is so "lacking in reason for its promulgation that it is essentially arbitrary." *NY State Ass'n. of Counties v. Axelrod,* 78 NY2d 158, 166 (1991). The standard of review is "whether the regulation has a rational basis, and is not unreasonable, arbitrary, or capricious." *Matter of Consolation Nursing Home, Inc., v. Commr. Of New York State Dept. of Health,* 85 NY2d 326, 331-332 [1995]. The reviewing court "must be certain that an agency has considered all the important aspects of the issue and articulated a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *O'Rourke v. City of NY,* 64 Misc. 3d 1203 [A] [Sup. Ct. Kings County 2019]. The Court "may not substitute its own judgment of the evidence…but should review the whole record to determine whether there exists a rational basis to support the findings upon which the …determination is predicated." *Purdy v. Kreisberg,* 47 NY2d 354, 358 (1979). "Public health agencies, in particular, are entitled to a high degree of

4

judicial deference when acting in their area of their particular expertise." *C.F. v. NYC Dept. Of Health & Mental Hygiene,* 191 AD3d 52, 69 [2d Dept. 2020].

In reviewing alleged arbitrary and capricious administrative determinations, a reviewing court's function is limited to "whether the record contains sufficient evidence to support the rationality of the…determination." *Atlas Henrietta LLC v. Town of Henrietta Zoning Bd. Of Appeals,* 46 Misc. 3d 325, 332 [Sup. Ct. 2013] *aff'd,* 120 AD3d 1606 [2014]. Furthermore, "capricious action in a legal sense is established when an administrative agency on identical facts decides differently." *Italian Sons & Daughters, Inc. v. Common Council of Buffalo,* 453 NYS2d 962 [4th Dept. 1982].

The Mayor, in issuing Executive Order No. 62, made a different decision for similarly situated people based on identical facts. There is nothing in the record to support the rationality of keeping a vaccination mandate for public employees, while vacating the mandate for private sector employees or creating a carveout for certain professions, like athletes, artists, and performers. This is clearly an arbitrary and capricious action because we are dealing with identical unvaccinated people being treated differently by the same administrative agency. See *Italian Sons & Daughters, Inc. v. Common Council of Buffalo,* 453 NYS2d 962 [4th Dept. 1982].

Though not raised in the initial filing, this Court considered the fact that all but one of the Petitioners applied for exemptions from the mandate. They received generalized and vague denials. During that time their exemptions were being processed, they remained unvaccinated. There was no reason that they could not continue to submit to testing and continue to fulfill their duties as public employees. There was no reason why the City of New York could not continue with a vaccinate or test policy, like the Mayor's Executive Order that was issued in August 2021.[1]

The Court finds that in light of the foregoing, the vaccination mandates for public employees and private employees is arbitrary and capricious. There was nothing demonstrated in the record as to why there was a vaccination mandate issued for only public employees in October 2021. This Court notes that Covid-19 rates were averaging under 1,500 per day in October 2021, significantly lower than today's average Covid-19 rates.[2] There was nothing demonstrated in the record as to why the private sector mandate was issued months later in December 2021. There was

---

[1] See Mayor's Executive Order No. 78 issued on August 31, 2021. eo-78.pdf (nyc.gov), last accessed October 24, 2022.

[2] Tracking Coronavirus in New York, New York Coronavirus Map and Case Count - The New York Times (nytimes.com), last accessed October 24, 2022.

5

nothing demonstrated in the record as to why exemptions were issued for certain professions in March 2022 under Executive Order No. 62. There was nothing demonstrated in the record as to why employees were kept at full duty during the months-long pendency of their exemption appeals. There was nothing demonstrated in the record as to why a titer was not an acceptable alternative to vaccination, other than a single CDC study entitled "New CDC Study: Vaccination Offers Higher Protection than Previous Covid-19 Infection" which was issued on August 6, 2021.[3]

Though vaccination should be encouraged, public employees should not have been terminated for their noncompliance. Over 79% of the population in New York City are vaccinated. These unvaccinated employees were kept at full duty while their exemptions were pending. Based upon the Petitioners' vague denials of their exemptions, the fact they were kept at full duty for several months while their exemptions were pending, the Mayor's Executive Order granting exemptions to certain classes of people, and the lifting of the private sector mandate, this Court finds the Commissioner's Orders of October 20, 2021, and December 13, 2021, as well as the Mayor's Executive Order No. 62 to be arbitrary and capricious.

## THE SEPARATION OF POWERS DOCTRINE

The New York City Charter empowers the DOHMH and the Board of Health with "jurisdiction to regulate all matters affecting health in the City of New York," which includes supervising the "control of communicable and chronic diseases and conditions hazardous to life and health" and providing "programs for the prevention and control of disease." NY City Charter §§ 556, 556(c)(2), 556(d)(5), and 558(c). The Charter empowers the City Council to "adopt local laws…for the preservation of the public health, comfort, peace and prosperity of the city and its inhabitants." *NY City Charter* 28[a]. The Charter restricts the Board of Health's rulemaking to the publication of a health code. *Matter of New York Statewide Coalition of Hispanic Chambers of Commerce v. New York City Dept. of Health & Mental Hygiene,* 23 NY3d 681 [2014].

Furthermore, Section 17-109 of the Administrative Code empowers DOHMH to "add necessary additional provisions to the health code to most effectively prevent the spread of communicable disease…" Finally, Section 3.01(d) of the New York City Health Code provides, in part, that upon the declaration of a public health emergency, the DOHMH Commissioner "may

---

[3] New CDC Study: Vaccination Offers Higher Protection than Previous COVID-19 Infection, U.S. Centers for Disease Control, August 6, 2021 https://www.cdc.gov/media/releases/2021/s0806-vaccination-protection.html, last accessed 10/24/2022.

6

establish procedures to be followed, issue necessary orders and take such actions as may be necessary for the health or safety of the City and its residents. Such procedures, orders or actions may include, but are not limited to…exercising any other power of the Board of Health to prevent, mitigate, control or abate an emergency, provided that such exercise of authority or power shall be effective only until the next meeting of the Board…" and at that meeting the Board can continue or rescind the Commissioner's exercise of authority.

"The concept of the separation of powers is the bedrock of the system of government." *Matter of NYC CLASH, Inc. v. New York State Off. Of Parks, Recreation, and Historic Preserv.*, 27 NY3d 178, 183 [2016]. An administrative agency usurps the authority of the legislative branch when it promulgates a rule that the legislature did not delegate it the authority to make in the first instance. *Id.* at 178; *Greater New York Taxi Ass'n v. NYC Taxi and Limousine Comm'n.,* 25 NY3d 600, 609 [2015]. "Separation of powers challenges often involve the question of whether a regulatory body has exceeded the scope of its delegated powers and encroached upon the legislative domain of policy making." *Garcia v. NY City Dept. of Health & Mental Hygiene,* 31 NY3d 601, 608 [2018].

To determine whether an administrative agency "has usurped the power of the Legislature, courts must consider whether the agency: (1) operated outside of its proper sphere of authority by balancing competing social concerns in reliance solely on its own ideas of sound public policy; (2) engaged in typical, 'interstitial' rulemaking or 'wrote on a clean slate, creating its own comprehensive set of rules without benefit of legislative guidance'; (3) 'acted in an area in which the Legislature has repeatedly tried- and failed- to reach agreement in the face of substantial public debate and vigorous lobbying by a variety of interested factions'; and (4) applied its 'special expertise or technical competence' to develop the challenged regulations." *See Matter of Acevedo v. NYS Dept. of Motor Vehs.,* 132 AD3d 112, 119 [3d Dept. 2015] *citing Boreali v. Axelrod,* 71 NY2d 1 at 12-14 [1987].

Applying the *Boreali* factors here, it appears that the Respondents are promulgating a rule on City employees. The Respondents instituted a policy for vaccination for all workers within New York City, by separate orders for public and private workers, however, as of November 1, 2022, the mandate is being lifted for only private sector employees. Though the Board of Health has the power to regulate vaccinations and adopt measures to reduce the spread of infectious diseases per Administrative Code 17-109, the Board of Health does not have the authority to

7

unilaterally and indefinitely change the terms of employment for any agency. Therefore, this Court finds that the DOHMH has acted outside its proper sphere of authority.

As to the second *Boreali* prong, the Commissioner has, in effect, "wrote on a clean slate." Terms of employment for City employees, such as residency requirements, are codified. There has never been a vaccination requirement for employees. They are not vaccinated for seasonal flu, and to this Court's understanding, they've never been required to provide other proof of vaccination. As to the third prong, the legislature has made no attempts to legislate Covid-19 vaccination. Finally, as to the fourth prong, the Health Commissioner, and the Board of Health, certainly used their expertise to develop this Order.

This Court does not have a basis to disagree with *temporary* vaccination orders during a public health emergency, however, ordering and enforcing that vaccination policy on only a portion of the populace for an indefinite period of time, is akin to legislating. It appears that in issuing this indefinite order, usurping the power of the legislature, the Health Commissioner has acted beyond his authority. *See Boreali v. Axelrod,* 71 NY2d 1 [1987] and *See also Goldenstein, et al v. NYC Dept. of Health, et al,* Index No. 85057/2022, wherein this Court used a similar analysis in invalidating the "toddler mask mandate."

## THE AUTHORITY OF THE HEALTH COMMISSIONER

The Health Commissioner's Order of October 13, 2021, states that "any City employee who has not provided the proof described in Paragraph 2 must be excluded from the premises at which they work beginning on November 1, 2021."[4] The Petitioners claim that the Respondents do not have the power or authority to exclude the Petitioners from entering their workplace and that the Commissioner exceeded the scope of his authority. This Court agrees that the Commissioner cannot enact a term of employment on City employees and has exceeded his scope of authority based upon the separation of powers discussion above.

The Respondents, in arguing that the Commissioner can set a condition of employment, heavily rely on a recent case in the Appellate Division, Second Department, *CF v. NYC Dept. of Health & Mental Hygiene,* 191 AD3d 52 [2d Dept. 2020]. In the *CF* matter, the DOHMH issued a mandatory vaccination requirement on residents arising out of a severe measles outbreak in

---

[4] Supplemental Order of the Commissioner of Health and Mental Hygiene to Require Covid-19 Vaccination for City Employees and Employees of Certain City Contractors. covid-19-vaccination-requirement-contractors-supplemental.pdf (nyc.gov) last accessed 10/21/2022

8

Brooklyn, New York. The Court in that matter found that the decisions of public health officials to declare mandatory vaccine requirements are not arbitrary, capricious, or an abuse of discretion, *CF v. NYC Dept. of Health & Mental Hygiene,* 191 AD3d 52, 64-65 [2d Dept. 2020]. However, this Court notes that in Brooklyn, failure to comply with the measles vaccination requirement resulted in fines for each day of noncompliance. Furthermore, the Second Department Appellate Division reserved on whether the fines imposed upon violation were excessive. The Court specifically stated that "in the event that fines are imposed upon any person for violation of the Board's resolution, such person is free to argue in an appropriate proceeding that the fine is so disproportionate that it is an abuse of discretion, as well as to argue that the fine is so grossly disproportionate to the gravity of the offense as to be constitutionally excessive." *Id.* Finally, upon this Court's own research, only three people were fined for noncompliance.[5] This Court notes that the DOHMH order requiring mandatory vaccination requirements in certain areas of Brooklyn were *temporary* and believes that termination in the instant proceeding is excessive.

The respondents further cite to a series of cases that permit vaccination mandates as a "condition of employment." However, none of these cases address the authority of the Health Commissioner to enact a term of employment under the Health Code to City employees. Nor, does the Order give authority to City agencies to terminate employees. *See Police Benevolent Association of the City of New York, Inc. on behalf f its Members, Patrick J. Lynch v. City of New York, at al,* Index 151531/2022. In another matter, healthcare workers were terminated for failure to comply with a "condition of employment" as they refused Covid-19 vaccination. See *We the Patriots USA v. Hochul,* 17 F.4th 266, 287 [2d Cir. 2021]. There is a key difference in the instant case. DSNY workers have *never* been required to be vaccinated as a condition of employment, while healthcare workers have *always* been required to be vaccinated against infectious diseases. *Id.* Members of the DSNY cannot be equated to healthcare workers.

Respondents argue that the "nature of petitioner's job as DSNY employees necessarily entails contact with NYC civilians- *hundreds of thousands of whom are unvaccinated."* This argument is patently incorrect. The Petitioners work primarily outdoors and have limited interaction with the public. Those "hundreds of thousands of whom are unvaccinated" are

---

[5] ABC News, New York City issues fines of $1000 to 3 people who refused to be vaccinated against measles, New York City issues fines of $1,000 to 3 people who refused to be vaccinated against measles - ABC News (go.com) last accessed 10/21/2022.

9

responsible for their own health. They choose for themselves whether to be vaccinated or whether to risk infection. City employees should also have the right to make their own choice regarding their own health.

The Petitioners are members of a union that collectively bargained for a contract with the City of New York. The contract, in effect from January 20, 2019, until December 27, 2022, makes absolutely no mention of any vaccination as a condition of or prerequisite to employment.[6] How can a "condition of employment" be created during the term of employment? This Court believes that a new "condition of employment" cannot be imposed upon these employees when the "condition" did not exist when they accepted contracted employment. The Court is aware that the Petitioners' union bargained for a process regarding exemptions *after* the enactment of this vaccination mandate. Based upon this bargaining, the Court is not finding a breach of contract and notes that the Petitioners have other avenues for relief regarding the collective bargaining process and their rights as labor employees.

Finally, states of emergency are meant to be *temporary*. The question presented is whether the Health Commissioner has the authority to enact a permanent condition of employment during a state of emergency. This Court finds that the Commissioner does not have that authority and has acted beyond the scope of his authority under the Public Health Law and in violation of separation of powers. The Petitioners herein should not have been terminated for their failure to comply with the Commissioner's Order during a *temporary* state of emergency.

## THE NY CONSTITUTION

Under the NY Constitution Article 1, §11, "No person shall be denied the equal protection of the laws of this state or any subdivision thereof." The purpose of this clause is to keep "governmental decisionmakers from treating differently persons who are in all relevant aspects alike." *Nicholas v. Tucker, 114 F3d 17, 20 [2d Cir. 1997].* Where government action draws a distinction between classes of people, "the classification must be reasonable and must be based upon some ground of difference that rationally explains the different treatment." *People v. Liberta,* 64 NY2d 152, 163 [1984]. Under the NY Constitution Article I, §7, no person may be deprived of life, liberty, or property without due process of the law.

---

[6] Executed Contract: Sanitation Workers. Plaintiff's Exhibit 5. https://iapps.courts.state.ny.us/ nyscef/ViewDocument?docIndex=spsCWGtfYfFBQD_PLUS_KiHyuYA==, last accessed 10/21/2022.

This Court finds that based upon the analysis above, the Commissioner's Order of October 20, 2021, violated the Petitioners' equal protection rights as the mandate is arbitrary and capricious. The City employees were treated entirely differently from private sector employees, and both City employees and private sector employees were treated entirely differently from athletes, artists, and performers. All unvaccinated people, living or working in the City of New York are similarly situated. Granting exemptions for certain classes and selectively lifting of vaccination orders, while maintaining others, is simply the definition of disparate treatment. Furthermore, selective enforcement of these orders is also disparate treatment.[7]

There is no doubt that vaccination mandates were enacted in the furtherance of a legitimate governmental purpose. *See McMinn v. Town of Oyster Bay,* 66 NY2d 544, 549 [1985]. However, there must be a reasonable relation between the end sought to be achieved and the means used to achieve that end. *Id.* Though City employees are often held to a higher standard than employees in the private sector, there is no rational reason for vaccination mandates to distinguish City workers, athletes, performers, and other private sector employees. "All persons...shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed." *Enquist v. Oregon Dept. of Agr.,* 553 US 591 [2008]. Either there is a mandate for all, or there is a mandate for none.

## CONCLUSION

It is clear that the Health Commissioner has the authority to issue public health mandates. No one is refuting that authority. However, the Health Commissioner cannot create a new condition of employment for City employees. The Health Commissioner cannot prohibit an employee from reporting to work. The Health Commissioner cannot terminate employees. The Mayor cannot exempt certain employees from these orders. Executive Order No. 62 renders all of these vaccine mandates arbitrary and capricious.

Being vaccinated does not prevent an individual from contracting or transmitting Covid-19. As of the day of this Decision, CDC guidelines regarding quarantine and isolation are the same for vaccinated and unvaccinated individuals. The Petitioners should not have been terminated for

---

[7] It is worth noting by this Court, that neither party addressed the enforcement of the private sector vaccine mandate. It's unclear to this Court whether anyone was actually terminated under the private sector vaccine mandate or whether any businesses were fined. However, it is clear that enforcement of the private sector mandate is lacking: "Adams administration is not inspecting companies for vaccine mandate compliance," New York 1, City not inspecting businesses vaccine mandate compliance (ny1.com), last accessed 10/24/2022.

choosing not to protect themselves. We have learned through the course of the pandemic that the vaccine against Covid-19 is not absolute. Breakthrough cases occur, even for those who have been vaccinated and boosted. President Joseph Biden has said that the pandemic is over.[8] The State of New York ended the Covid-19 state of emergency over a month ago.[9]

As this Court stated in its decision in the *Rivicci* matter, this is not a commentary on the efficacy of vaccination, but about how we are treating our first responders, the ones who worked day-to-day through the height of the pandemic. *See Rivicci v. NYC Fire Dept.*, Index No. 85131/2022. They worked without protective gear. They were infected with Covid-19, creating natural immunity. They continued working full duty while their exemption requests were pending. They were terminated and are willing to come back to work for the City that cast them aside.

The vaccination mandate for City employees was not just about safety and public health; it was about compliance. If it was about safety and public health, unvaccinated workers would have been placed on leave the moment the order was issued. If it was about safety and public health, the Health Commissioner would have issued city-wide mandates for vaccination for all residents. In a City with a nearly 80% vaccination rate, we shouldn't be penalizing the people who showed up to work, at great risk to themselves and their families, while we were locked down.

If it was about safety and public health, no one would be exempt. It is time for the City of New York to do what is right and what is just.

Accordingly, it is hereby

**ORDERED** that the Petition is granted.

**ORDERED** that a declaratory judgment is granted in that the Commissioner of Health and Mental Hygiene's order dated October 20, 2021, violates the separation of powers doctrine under NY Constitution Article III, §1.

**ORDERED** that a declaratory judgment is granted in that the Commissioner of Health and Mental Hygiene's order dated October 20, 2021, violates the Petitioners' equal protection rights pursuant to NY Constitution Article I, §11.

---

[8] Biden says Covid-19 pandemic is "over" in US. Biden says COVID-19 pandemic is "over" in U.S. - CBS News, last accessed 10/24/2022.

[9] New York state ends covid emergency; Hochul encourages new booster shot, New York state ends Covid emergency; Hochul encourages new booster shot - syracuse.com, last accessed 10/24/2022.

Case 22-1560, Document 46, 10/25/2022, 3407398, Page16 of 16

**ORDERED** that a declaratory judgment is granted in that the Commissioner of Health and Mental Hygiene's order dated October 20, 2021, violates the Petitioners' substantive and procedural due process rights pursuant to NY Constitution Article I, §6.

**ORDERED** that a declaratory judgment is granted in that this Court finds that the Commissioner lacks the power and authority to permanently exclude the Petitioners from their workplace.

**ORDERED** that this Court finds the Commissioner of Health and Mental Hygiene's order dated October 20, 2021, arbitrary and capricious pursuant to CPLR §7803.

**ORDERED** that this Court finds the Commissioner of Health and Mental Hygiene's order dated December 13, 2021, arbitrary and capricious pursuant to CPLR §7803.

**ORDERED** that this Court finds the Mayor's Executive Order No. 62 arbitrary and capricious pursuant to CPLR §7803.

**ORDERED** that the Petitioners' claim for breach of contract is denied.

**ORDERED** that the terminated Petitioners are hereby reinstated to their full employment status, effective October 25, 2022, at 6:00AM.

**ORDERED** that the Petitioners are entitled to back pay in salary from the date of termination.

**ORDERED** that the Petitioners are directed to submit a proposed judgment regarding back pay consistent with this decision on or before November 10, 2022.

This constitutes the Decision and Order of the Court.

Date: October 24, 2022

ENTER

_Ralph J Porzio_

HON. RALPH J. PORZIO
J.S.C.

13