# 22-1560

## United States Court of Appeals
## for the Second Circuit

AARON ABADI,

*Plaintiff-Appellant,*

*against*

CITY OF NEW YORK,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of New York

**BRIEF FOR APPELLEE**

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*
*of the City of New York*
100 Church Street
New York, New York 10007
212-356-2611 or -0817
cmoon@law.nyc.gov

RICHARD DEARING
DEVIN SLACK
CHLOE K. MOON
    *of Counsel*

January 9, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................iii

PRELIMINARY STATEMENT..............................................................1

ISSUES PRESENTED FOR REVIEW ....................................................2

STATEMENT OF THE CASE ...............................................................3

    A. The Covid-19 pandemic and the City's public health
       responses......................................................................3

       1. The pandemic, the emergence of life-saving vaccines,
          and initial governmental responses to the pandemic ...........3

       2. The City's vaccination program for indoor dining,
          entertainment, recreation, and fitness facilities...................4

       3. The public employee vaccination requirement......................6

    B. Abadi's challenge to Key to NYC and the public employee
       vaccination requirement...........................................................7

STANDARD OF REVIEW AND  SUMMARY OF ARGUMENT .............9

ARGUMENT

POINT I

    ABADI'S CLAIMS FAIL FOR LACK OF STANDING,
    MOOTNESS, OR BOTH .............................................................12

    A. Abadi has no standing to challenge either policy. ..................12

    B. Abadi's challenge to Key to NYC is also moot.........................14

# TABLE OF CONTENTS (cont'd)

**Page**

POINT II

      THE DISTRICT COURT PROPERLY DISMISSED ALL OF
PLAINTIFF'S CLAIMS .................................................................... 17

      A.  Abadi's Fourteenth Amendment claims fail. .......................... 17

      B.  Abadi's equal protection claim has no merit. .......................... 20

      C.  The City's policies are rational. ............................................... 21

      D.  Abadi's false imprisonment claim likewise fails. ..................... 25

      E.  Abadi's preemption arguments do not aid him. ....................... 26

CONCLUSION ........................................................................................ 30

CERTIFICATE OF COMPLIANCE ........................................................ 31

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abadi v. City of New York*,
  No. 21-cv-8071, 2022 U.S. Dist. LEXIS 21815
  (S.D.N.Y. Feb. 4, 2022) ....................................................................... 10

*Abadi v. City of New York*,
  No. 22-268, ECF No. 38 (2d Cir. June 16, 2022) ................................... 5

*Broecker v. N.Y. City Dept. of Educ.*,
  585 F. Supp. 3d 299 (E.D.N.Y. 2022) .................................................... 7

*City of Cleburne v. Cleburne Living Ctr.*,
  473 U.S. 432 (1985) .............................................................................. 22

*Clementine Co. v. Adams*,
  2022 U.S. App. LEXIS 25530 (2d Cir. July 11, 2022) .......................... 5

*Clementine LLC v. Adams*,
  No. 21-cv-7779, 2022 U.S. Dist. LEXIS 161603
  (S.D.N.Y. Sept. 7, 2022) .................................................................. 5, 10

*Commey v. Adams*,
  No. 22-cv-0018, 2022 U.S. Dist. LEXIS 143854
  (S.D.N.Y. Aug. 11, 2022) ..................................................................... 14

*Dean v. Blumenthal*,
  577 F.3d 60 (2d Cir. 2009) ................................................................... 14

*Dixon v. DeBlasio*,
  2022 U.S. App. LEXIS 8785 (2d Cir. Mar. 28, 2022) ..................... 5, 14

*Exxon Mobil Corp. v. Healey*,
  28 F.4th 383 (2d Cir. 2022) .................................................................. 15

*Garland v. N.Y. City Fire Dept.*,
  574 F. Supp. 3d 120 (E.D.N.Y. 2021) .................................................... 6

iii

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Grand Riv. Enters. Six Nations v. Boughton,*
  988 F.3d 114 (2d Cir. 2021) .............................................................. 25

*Hu v. City of N.Y.,*
  927 F.3d 81 (2d Cir. 2019) ................................................................ 19

*Interport Pilots Agency v. Sammis,*
  14 F.3d 133 (2d Cir. 1994) ............................................................... 22

*Jacobson v. Commonwealth of Massachusetts,*
  197 U.S. 11 (1905) ...................................................................... 18, 25

*Kane v. De Blasio,*
  19 F.4th 152 (2d Cir. 2021) ............................................................... 7

*Kane v. De Blasio,*
  No. 21-cv-7863, 2022 U.S. Dist. LEXIS 154260
  (S.D.N.Y. Aug. 26, 2022) .................................................................. 19

*Littlejohn v. City of New York,*
  795 F.3d 297 (2d Cir. 2015) ............................................................... 9

*Lloyd v. Sch. Bd. of Palm Beach Cnty.,*
  570 F. Supp. 3d 1165 (S.D. Fla. 2021) ............................................. 26

*Lujan v. Defs. of Wildlife,*
  504 U.S. 555 (1992) .................................................................... 12, 13

*Maniscalco v. New York City Dep't of Educ.,*
  563 F. Supp. 3d 33 (S.D.N.Y. 2021),
  *aff'd,* 2021 U.S. App. LEXIS 30967 (2d Cir. Oct. 15, 2021) .............. 18

*McGowan v. United States,*
  825 F.3d 118 (2d Cir. 2016) ............................................................. 25

*Merrell Dow Pharms., Inc. v. Thompson,*
  478 U.S. 804 (1986) .......................................................................... 26

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Mhany Mgmt., Inc. v. Cnty. of Nassau,*
819 F.3d 581 (2d Cir. 2016) ............................................................... 15

*Murphy v. Hunt,*
455 U.S. 478 (1982) ............................................................................ 16

*N.Y. State Trawlers Ass'n v. Jorling,*
16 F.3d 1303 (2d Cir. 1994) ............................................................... 25

*Phillips v. City of New York,*
775 F.3d 538 (2d Cir. 2015) ............................................................... 11

*POM Wonderful LLC v. Coca-Cola Co.,*
573 U.S. 102 (2014) ............................................................................ 26

*Progressive Credit Union v. City of New York,*
889 F.3d 40 (2d Cir. 2018) ................................................................. 21

*Reale v. Lamont,*
No. 20-3707, 2022 U.S. App. LEXIS 1607
(2d Cir. Jan. 20, 2022) ...................................................................... 16

*Remauro v. Adams,*
No. 21-cv-4553, 2022 U.S. Dist. LEXIS 86999
(E.D.N.Y. May 13, 2022) ............................................................. 5, 14

*S. Bay United Pentecostal Church v. Newsom,*
140 S. Ct. 1613 (2020) ....................................................................... 22

*Sensational Smiles, LLC v. Mullen,*
793 F.3d 281 (2d Cir. 2015) ............................................................... 22

*Spokeo, Inc. v. Robins,*
578 U.S. 330 (2016) ............................................................................ 12

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Trisvan v. Biden,*
No. 21-cv-5684, 2022 U.S. Dist. LEXIS 135711
(E.D.N.Y. July 30, 2022) ....................................................... 14

*United States v. Sanchez-Gomez,*
138 S. Ct. 1532 (2018) .......................................................... 16

*Urbina v. City of N.Y.,*
672 F. App'x 52 (2d Cir 2016) .............................................. 25

*Warren v. Pataki,*
823 F.3d 125 (2d Cir. 2016) ................................................. 14

*We the Patriots USA, Inc. v. Hochul,*
17 F.4th 266 (2d Cir. 2021) ............................................ 18, 26

*Williams v. Town of Greenburgh,*
535 F.3d 71 (2d Cir. 2008) ................................................... 20

*Winston v. City of Syracuse,*
887 F.3d 553 (2d Cir. 2018) ................................................. 21

**Statutes and Other Authorities**

21 U.S.C. § 337 ....................................................................... 26

21 U.S.C. § 360bbb-3 .............................................................. 27

42 U.S.C. § 1983 ..................................................................... 10

FDCA ..................................................................... 26, 27, 28

*Science Brief: SARS-CoV-2 Infection-induced and Vaccine-
induced Immunity,* CDC (last updated Oct. 29, 2021),
https://www.cdc.gov/coronavirus/2019-ncov/science/
science-briefs/vaccine-induced-immunity.htm .................................. 23

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Dashboard*, World Health Organization,
https://covid19.who.int/ (last accessed Jan. 9, 2023)............................3

DOHMH Public Employee Order (Oct. 20, 2021),
https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covi
d-19-vaccination-requirement-city-employees.pd ...............................6

DOHMH Supplemental Public Employee Order
(Oct. 31, 2021),
https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covi
d-19-vaccination-requirement-contractors-
supplemental.pdf ...............................................................6, 7

Emergency Executive Order 225 (Aug. 16, 2021),
https://www.nyc.gov/assets/home/downloads/pdf/executive
-orders/2021/eeo-225.pd ......................................................4, 5

*Emergency Use Authorization*, U.S. Dept. of Justice
(July 6, 2021), https://www.justice.gov/sites/default/files/
opinions/attachments/2021/07/26/2021-07-06-mand-vax.pd ............28

Executive Order No. 75 (Aug. 2, 2021),
https://www1.nyc.gov/assets/home/downloads/pdf/executiv
e-orders/2021/eo-75.pdf.........................................................7

*Mayor Adams' Statement on Mask Mandates in Schools,
Vaccine Mandates Across NYC* (Feb. 27, 2022),
https://www.nyc.gov/office-of-the-mayor/news/096-
22/mayor-adams-on-mask-mandates-schools-vaccine-
mandates-across-nyc.............................................................5

*Trends and Totals*, NYC Health,
https://www.nyc.gov/site/doh/covid/covid-19-data.page
(last accessed Jan. 9, 2023)....................................................3

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Vaccination Trends*, NYC Health,
    https://www.nyc.gov/site/doh/covid/covid-19-data-
    vaccines.page (last accessed Jan. 9, 2023) ........................................ 15

*Vaccines*, U.S. Food & Drug Administration,
    https://www.fda.gov/emergency-preparedness-and-
    response/coronavirus-disease-2019-covid-19/covid-19-
    vaccines#authorized-vaccines (last accessed Jan. 9, 2023) ................. 3

# PRELIMINARY STATEMENT

*Pro se* plaintiff Aaron Abadi filed suit challenging two of the City's Covid-19 vaccination policies—but he failed to allege standing for either policy, and one is no longer in effect. Abadi's scattershot complaint claims, among other things, that the policies constitute a form of false imprisonment and that vaccination cannot reasonably be required of people who have had Covid-19 in the past. This Court should affirm the judgment of the United States District Court for the Southern District of New York (Engelmayer, J.) dismissing the complaint.

Indeed, it is hard to see how any real issue remains in this case given that this Court, in resolving Abadi's earlier appeal from the denial of his motion for a preliminary injunction, found that the appeal had no arguable basis either in law or in fact. Abadi's claims are no more credible now. On the contrary, the passage of time has only made it more clear that there is no path for him to succeed in this litigation.

Abadi's challenges to the vaccination policy for indoor dining, entertainment, recreation, and fitness and to the City's public employee vaccination requirement fail for lack of standing, as Abadi never alleged even an attempt to patronize an indoor establishment nor that he has

ever applied to be a City employee. And his challenge to the policy requiring vaccination at indoor establishments is moot, at least in substantial part, as that policy is no longer in effect.

As this Court recognized in its previous decision, Abadi's claims related to these two policies are not even arguable. Beyond the threshold procedural issues that bar his claims, the merits speak for themselves: even construing Abadi's claims liberally as required for a *pro se* litigant, he has put forward no set of facts that would entitle him to relief. Because these policies only place restrictions on those who choose not to get vaccinated and there was a rational basis for both of these requirements, this Court should affirm.

## ISSUES PRESENTED FOR REVIEW

1.      Do the threshold issues of standing and mootness bar all of Abadi's claims, where Abadi has failed to allege a concrete and particularized injury-in-fact with respect to either of the policies he challenges, and one of those policies is no longer in effect?

2.      In the alternative, did Abadi fail to allege any set of facts that would support his claims that the challenged policies deprived him of any constitutional right?

## STATEMENT OF THE CASE

**A. The Covid-19 pandemic and the City's public health responses**

**1. The pandemic, the emergence of life-saving vaccines, and initial governmental responses to the pandemic**

Covid-19 is a highly contagious and potentially deadly disease. Globally, there have been over 657 million cases and over 6 million deaths.[1] In New York City alone, there have been over three million cases and more than 40,000 deaths.[2]

As of January 2023, two vaccines have received full regulatory approval, in addition to two that have received emergency authorization.[3] Placing this powerful tool in the hands of public health officials changed the course of the pandemic, saved countless lives, and allowed communities around the world to begin to reopen. As such, the City undertook broad-based efforts to increase vaccination rates, including

---

[1] *WHO Coronavirus (COVID-19) Dashboard*, World Health Organization, https://covid19.who.int/ (last accessed Jan. 9, 2023).

[2] *Trends and Totals*, NYC Health, https://www.nyc.gov/site/doh/covid/covid-19-data.page (last accessed Jan. 9, 2023).

[3] *COVID-19 Vaccines*, U.S. Food & Drug Administration, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/covid-19-vaccines#authorized-vaccines (last accessed Jan. 9, 2023).

establishing vaccination clinics in every neighborhood, engaging in extensive outreach efforts, offering financial incentives to encourage vaccination, and requiring proof of vaccination for employment.

### 2. The City's vaccination program for indoor dining, entertainment, recreation, and fitness facilities

Considering the risk of transmission in indoor settings, including restaurants, entertainment venues, and gyms, the City's public health commissioner concluded that requiring patrons and employees in such places to be vaccinated was an effective way to reduce the spread and mutation of the virus and to increase vaccination rates in the City. As such, in August 2021 former Mayor Bill de Blasio issued Emergency Executive Order No. 225 creating the "Key to NYC" program.[4]

While it was in effect, Key to NYC directed that only vaccinated individuals may work in and patronize indoor portions of "covered premises," establishments where individuals gather for indoor

---

[4] Emergency Executive Order 225 (Aug. 16, 2021), https://www.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eeo-225.pdf.

4

entertainment, recreation, food service, and fitness.[5] The program was discontinued in March 2022, after Covid-19 rates in the City had dropped each day over an extended period of time.[6]

Roughly a dozen challenges to Key to NYC have been brought in state and federal court. This Court has rejected all requests for preliminary injunctive relief. *See Abadi v. City of New York*, No. 22-268, ECF Nos. 38, 39 (2d Cir. June 16, 2022); *Clementine Co. v. Adams*, 2022 U.S. App. LEXIS 25530, at *1 (2d Cir. July 11, 2022) (dismissing the appeal of preliminary injunction motion); *Dixon v. DeBlasio*, 2022 U.S. App. LEXIS 8785, at *1 (2d Cir. Mar. 28, 2022) (same). And district courts have consistently dismissed the complaints. *Clementine LLC v. Adams*, No. 21-cv-7779, 2022 U.S. Dist. LEXIS 161603, at *1 (S.D.N.Y. Sept. 7, 2022); *Remauro v. Adams*, No. 21-cv-4553, 2022 U.S. Dist. LEXIS 86999, *1 (E.D.N.Y. May 13, 2022).

---

[5] That included movie theaters, concert venues, performing arts theaters, professional sports arenas and indoor stadiums, recreational game centers, commercial event spaces, convention centers, museums, zoos, aquariums, indoor restaurants, food courts, and catering establishments, gyms, swimming pools, and facilities used for conducting group fitness classes. *Id.*

[6] *Mayor Adams' Statement on Mask Mandates in Schools, Vaccine Mandates Across NYC* (Feb. 27, 2022), https://www.nyc.gov/office-of-the-mayor/news/096-22/mayor-adams-on-mask-mandates-schools-vaccine-mandates-across-nyc.

### 3. The public employee vaccination requirement

Another measure that the City adopted to combat Covid-19 aimed to make workplaces and public services safer and increase vaccination rates. In its current form, the policy requires all in-person municipal employees and city contractors who work in a workplace or interact with the public to show proof of vaccination.

This policy was put in place in October 2021, just prior to the Omicron-variant surge, when the City's public health commissioner issued an emergency public health order.[7] The Commissioner supplemented this order two weeks later, and that order—ratified by the Board of Health—remains in effect.[8]

Over a dozen state and federal courts challenges seeking preliminary injunctive relief against the public employee vaccination requirement have been filed, and all such requests have been denied, *see e.g.*, *Garland v. N.Y. City Fire Dept.*, 574 F. Supp. 3d 120 (E.D.N.Y. 2021);

---

[7] DOHMH Public Employee Order (Oct. 20, 2021), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf (last accessed Jan. 9, 2023).

[8] *See* DOHMH Supplemental Public Employee Order (Oct. 31, 2021), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-contractors-supplemental.pdf (last accessed Jan. 9, 2023). .

*Broecker v. N.Y. City Dept. of Educ.*, 585 F. Supp. 3d 299 (E.D.N.Y. 2022), with the single exception that some modifications were ordered to the process for reasonable accommodations in a case asserting claims under the First Amendment. *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021).

### B. Abadi's challenge to Key to NYC and the public employee vaccination requirement

Abadi filed suit against the City challenging Key to NYC and the public employee vaccination requirement (SDNY Dkt. No. 21-cv-8071, ECF No. 2). In his amended complaint, he alleges that Key to NYC unlawfully prevents him from going to the gym or eating at restaurants and that the public employee vaccination requirement impermissibly prevents him from applying for a posted job with the City's Department of Sanitation (SDNY Dkt. No. 21-cv-8071, ECF No. 22 at 7, 49).[9]

Nonetheless, Abadi alleges that these requirements violate his (1) right under the Fifth, Ninth, and Fourteenth Amendments to refuse unwanted medical care (SDNY Dkt. No. 21-cv-8071, ECF No. 22 at 35–

---

[9] Abadi did not plead that he is a city employee or contractor—or that he has ever applied to be one. *Id*. Nor does he challenge the Executive Order requiring new hires to be vaccinated. Executive Order No. 75 (Aug. 2, 2021), https://www1.nyc.gov/assets/home/downloads/pdf/executive-orders/2021/eo-75.pdf.

45); (2) Fourteenth Amendment right to be free of unconstitutional conditions placed on his bodily integrity, property interest in his career, and right to free travel and movement (*id.* at 45–55); (3) Fourteenth Amendment right to equal treatment as compared with vaccinated persons (*id.* at 56–57); and (4) his Fourth Amendment right not be falsely imprisoned, on the theory that the restriction on indoor dining, recreation, entertainment, and fitness facilities amounts to imprisonment (*id.* at 57–59). He also argues that the City's vaccine requirements are preempted by federal law (*id.* at 59–66) and are arbitrary and capricious (*id.* at 66–68). His complaint seeks declaratory and permanent injunctive relief as well as compensatory damages (*id.* at 69).

On February 4, 2022, the U.S. District Court for the Southern District of New York (Engelmayer, J.) denied Abadi's motion for a preliminary injunction in a thorough and considered 23-page opinion and order (SDNY Dkt. No. 21-cv-8071, ECF No. 24 at 23). The district court reasoned that Abadi's challenges to both Key to NYC and the public employee vaccination requirement were unlikely to succeed on the merits (*id.* at 13–20). Moreover, the district court found that both the balance of

8

equities and public interest cut against preliminary relief (*id.* at 20–23). The district court did not separately analyze irreparable harm, assuming for the sake of argument the existence of such harm (*id.* at 12–13).

Abadi filed a notice of appeal and sought *in forma pauperis* status and a stay pending appeal (2d Cir. Dkt. No. 22-268, ECF Nos. 1, 4, 12). This Court dismissed Abadi's appeal as "lack[ing] an arguable basis either in law or in fact" (2d Cir. Dkt. No. 22-268, ECF No. 38).

The district court held the City's motion to dismiss in abeyance while the matter was pending before this Court (SDNY Dkt. No. 21-cv-8071, ECF No. 32). Then, after this Court's mandate issued, the district court granted the City's motion to dismiss "for substantially the same reasons reviewed in [its] opinion denying Abadi's motion for a preliminary injunction" (SDNY Dkt. No. 21-cv-8071, ECF No. 34).

### STANDARD OF REVIEW AND SUMMARY OF ARGUMENT

Reviewing *de novo* the district court's grant of a motion to dismiss, this Court should affirm. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). As this Court has already recognized in dismissing Abadi's previous appeal of the denial of his request for a preliminary

injunction as lacking an arguable basis in law or fact, Abadi's claims have no merit and were properly dismissed.

To begin, Abadi's entire complaint is barred by threshold issues of mootness and standing. Abadi has no standing to challenge either policy: he has never alleged that he attempted to patronize a particular indoor establishment from which he was turned away, nor has he asserted a non-speculative claim that he is or was a City worker or has ever applied to be one. Moreover, Abadi's challenge to Key to NYC is moot, now that those requirements are no longer in effect, and no exceptions to the mootness doctrine apply here. *See Clementine Co. LLC v. Adams*, No. 21-cv-7779, 2022 U.S. Dist. LEXIS 161603, at *4 (S.D.N.Y. Sept. 7, 2022) (collecting cases).

Even if he could somehow overcome those hurdles, Abadi's claims fail: the requirement that those entering crowded indoor establishments be vaccinated does not constitute a deprivation of a constitutional right, but instead provides for the protection of the health and safety of the community—the apex of governmental discretion.[10] Abadi's false

---

[10] The district court below construed Abadi's claims under the Fourteenth Amendment as arising under 42 U.S.C. § 1983. *Abadi v. City of New York*, No. 21-cv-

*(cont'd on next page)*

imprisonment claim is likewise misplaced; his freedom of movement has not been impaired by these requirements. At bottom, Abadi argues that these policies were irrational. But Key to NYC served the exact purpose it was intended to serve: saving lives from unnecessary and harmful viral transmission at a time when Covid-19 rates were once again on the rise. The fact that it is no longer in effect only proves its efficacy. And the vaccine mandate for public employees does not prevent him from applying or, indeed, even obtaining, a job with the City. Although Abadi is correct that a heightened standard applies to preliminary injunctions as compared to motions to dismiss on appeal (Appellant's Brief ("App. Br.") 29-30), his claims are nonetheless implausible and this Court should affirm.

---

8071, 2022 U.S. Dist. LEXIS 21815, at *1 n. 1 (S.D.N.Y. Feb. 4, 2022). And although Abadi challenges these same policies on Fifth and Ninth Amendment "privacy" grounds, because "[t]he Ninth Amendment is not an independent source of individual rights," *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015), and the Fourteenth Amendment incorporates Fifth Amendment protections as to state and local governments, these claims are best construed as Fourteenth Amendment challenges as well.

## ARGUMENT

### POINT I

### ABADI'S CLAIMS FAIL FOR LACK OF STANDING, MOOTNESS, OR BOTH

**A.  Abadi has no standing to challenge either policy.**

Even at this stage of the proceedings, the burden of establishing standing lies with Abadi. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And he has not alleged an adequate factual foundation to support his standing to challenge either of the policies at issue.

On the one hand, the closest Abadi gets to pleading an injury tied to Key to NYC is a single sentence in which he asserts that he was "banned from and continues to be banned from tens of thousands of public places throughout the city" (SDNY Dkt. No. 21-cv-8071, ECF No. 22 at 32). But that alleged injury is both too abstract—in that Abadi has never alleged that he actually attempted to patronize a covered facility and was turned away under the policy because he was unvaccinated—and too generalized—in that he fails to explain how his grievance puts him on different footing than any other New York City resident or visitor who might have had some-day intentions to visit a covered facility. *See generally Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

12

On the other hand, Abadi—who is not a public employee—asserts he has standing to challenge the public employee vaccination mandate because he was interested in seeking employment with a City agency but could not apply because of his vaccination status (App. Br. 7, 20; *see also* SDNY Dkt. No. 21-cv-8071, ECF No. 22). But his premise is mistaken: Abadi certainly could have applied for such employment (*id.*, Exs. E, F). He just never did.

Abadi's failure to apply for public employment should be enough to reject his claim to standing.[11] To be sure, if he had applied, was qualified for the position, and was ultimately hired, he would have had to either be vaccinated or obtain an accommodation before he could start work. But Abadi has not even alleged he was ineligible for an accommodation, and of course we will never know the answer because Abadi never took the first step of applying for a position. Abadi's "conjectural or hypothetical" injury—that he would not get a job that he never applied for—is insufficient for standing. *Lujan*, 504 U.S. at 560.

---

[11] Abadi's complaint also only mentions the public health order that governs current municipal employees, failing to address altogether the executive order that covers newly hired municipal employees (*see supra* n. 9).

13

**B.  Abadi's challenge to Key to NYC is also moot.**

Abadi's challenge to the Key to NYC program is barred for another reason: it is moot. Abadi contends Key to NYC restricted his ability to patronize local establishments, but those restrictions expired on March 7, 2022. Any claim for injunctive and declaratory relief is therefore moot. *See Commey v. Adams*, No. 22-cv-0018, 2022 U.S. Dist. LEXIS 143854, at *7 (S.D.N.Y. Aug. 11, 2022); *Remauro v. Adams*, No. 21-cv-4553, 2022 U.S. Dist. LEXIS 86999, at *7-*14 (E.D.N.Y. May 13, 2022); *see also Dixon v. DeBlasio*, No. 21-2666, 2022 U.S. App. LEXIS 8785, at *1 (2d Cir. Mar. 28, 2022).

To the extent Abadi's complaint seeks compensatory damages, Abadi has alleged no actual injuries. *See Warren v. Pataki*, 823 F.3d 125, 143 (2d Cir. 2016). Even considering the possibility of nominal damages, Abadi has no standing on this issue, as explained above, *see Dean v. Blumenthal*, 577 F.3d 60, 66 n. 3 (2d Cir. 2009), and he has failed to state a claim, as discussed below. *See Trisvan v. Biden*, No. 21-cv-5684, 2022 U.S. Dist. LEXIS 135711, at *7 (E.D.N.Y. July 30, 2022). At a bare minimum, Abadi's claims for injunctive and declaratory relief in

14

connection with Key to NYC are unquestionably moot at this point. *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 393 (2d Cir. 2022).

Moreover, none of the exceptions to mootness apply here. First, the exception to mootness for voluntary cessation of unlawful conduct does not apply as Abadi's only argument on this ground sounds in complete speculation (*see, e.g.*, App. Br. 14-15 ("Once a municipality takes more power, it is very seldom that they will let it go")). Here, there is no reasonable expectation that the alleged violation will recur. *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016). Indeed, when Key to NYC first went into effect, less than 10 million vaccines had been administered in New York City; in contrast, as of January 2023, almost 20 million vaccines have been administered in the City.[12] Because this policy had its intended effect—boosting vaccination rates and preventing the transmission of Covid-19 while the vaccination rates were lower—Abadi cannot expect this restriction to be put in place again. This

---

[12] The vaccinated population in the City has risen from less than 60% when Key to NYC went into effect to 90% as of January 2023. *Vaccination Trends*, NYC Health, https://www.nyc.gov/site/doh/covid/covid-19-data-vaccines.page (last accessed Jan. 9, 2023).

exception therefore does not apply to Abadi's conspiratorial and unsupported speculations about a recurrence of those restrictions.

Abadi does not argue that his claims are capable of repetition but evade review. Nor could he. "A dispute qualifies for that exception only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (quotation marks and citation omitted). As with the voluntary cessation exception, the reasonable expectation of repetition must be more than "a mere physical or theoretical possibility." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Here, again, Abadi argues only that "there is no indication that these restrictions will not go back into effect," a baldly speculative assertion that has no support in fact. *See Reale v. Lamont*, No. 20-3707, 2022 U.S. App. LEXIS 1607, at *1 (2d Cir. Jan. 20, 2022) (summary order) (declining to apply the exception where plaintiff asserted that rescinded Covid-19 restrictions could come back into effect but did not show that they had returned). And, of course, as a matter of common sense, Abadi *has* received review here: not only has his motion

16

for preliminary injunction been reviewed and decided by the district court, but this Court reviewed that decision, and now he appeals the district court's second decision reviewing his claims.

## POINT II

## THE DISTRICT COURT PROPERLY DISMISSED ALL OF PLAINTIFF'S CLAIMS

### A. Abadi's Fourteenth Amendment claims fail.

Because Abadi's challenges all fail on procedural grounds, this Court need go no further to affirm. But Abadi also raises a host of arguments that fall under the umbrella of the Fourteenth Amendment, none of which has any merit. Again, giving appropriate solicitude to his *pro se* status, his complaint and appellate briefing can liberally be read as raising claims based on alleged violations of his (1) right to bodily integrity and to decline unwanted medical intervention, (2) right to pursue his chosen profession by applying for jobs as a city employee, and (3) right to travel to indoor dining, fitness, recreation, and entertainment venues in the City (*see* App. Br. 29-69).

First, Abadi cannot succeed on his theory that the right to bodily integrity includes a right to refuse vaccination without any consequences. To start, the two challenged policies do not compel vaccination—they

17

merely condition participation in certain activities and employment on one's vaccination status. But even if they did mandate vaccination, his claims would fail because the right to bodily integrity does not encompass a right to refuse compulsory vaccination necessitated by a public health emergency. Over a century ago, the Supreme Court held the opposite: there is no absolute right to defy a vaccine mandate during a public health crisis—there, a smallpox epidemic—because a community has "a right to protect itself against an epidemic." *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25–27 (1905). And *Jacobson* remains good law. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293 (2d Cir. 2021); *Maniscalco v. New York City Dep't of Educ.*, 563 F. Supp. 3d 33, 39 (S.D.N.Y. 2021), *aff'd*, 2021 U.S. App. LEXIS 30967, at *1 (2d Cir. Oct. 15, 2021). There is no question that an individual's liberty interest in declining a vaccine can be outweighed by the government's interest in preventing viral transmission, as it was here.

Abadi argues, however, that *Jacobson* is inapposite because the Covid-19 vaccines are not "real vaccines" as they do not entirely prevent the possibility of getting Covid-19 (App. Br. 34-35). But his hypothetical questions aside (*id*.), Abadi does not seriously address the City's

arguments or the district court's conclusions that Key to NYC does not mandate vaccinations, but rather restricts the dining, fitness, and recreation access of those unvaccinated (*id*. at 30, 54-55; *see* SDNY Dkt. No. 21-cv-8071, ECF No. 24 at 17).

Second, Abadi mistakenly argues that the public employee vaccination requirement violates his right to pursue his chosen career— that is, to apply for a job with a City agency (App. Br. 20). While there is "some generalized due process right to choose one's field of private employment," that right is implicated only when the government completely prohibits a person from practicing an otherwise lawful profession. *Hu v. City of N.Y.*, 927 F.3d 81, 102 (2d Cir. 2019) (quotation marks omitted). Here, the challenged vaccination requirements do not prohibit Abadi from working in any broad sense; he simply cannot be hired for an in-person position with the City unless he gets vaccinated or receives an accommodation. And, as this Court and others in this circuit have repeatedly found, a Covid-19 vaccination is a proper condition of employment. *Kane v. De Blasio*, No. 21-cv-7863, 2022 U.S. Dist. LEXIS 154260, *38 (S.D.N.Y. Aug. 26, 2022), citing *We the Patriots v. Hochul*, 17 F.4d at 294.

19

Third, Abadi's claim that the vaccination policies impair his right to travel is meritless (*see* App. Br. 47-48). This Court has explained that while "individuals possess a fundamental right to travel, … it is clear that the right protects *movement between places* and has no bearing on *access* to a particular place." *Williams v. Town of Greenburgh*, 535 F.3d 71, 75 (2d Cir. 2008) (emphasis in original). And Abadi was always free to leave his home and travel throughout the City and beyond; he could take a walk, ride the subway, visit outdoor venues, eat at an outdoor restaurant, or participate in outdoor fitness classes. Now, given that Key to NYC is no longer in effect, he can do all those things as well as all the indoor activities from which he had previously been barred (*see* App. Br. 47-48). Because there was never a restriction on his right to travel— simply limitations to certain destinations—those claims must fail.

**B.  Abadi's equal protection claim has no merit.**

Abadi's equal protection claim, premised on the mistaken notion that he is similarly situated to vaccinated individuals who are being treated more favorably than unvaccinated comparators without a rational basis, also fails. "When a plaintiff alleges an equal protection violation (without also alleging discrimination based upon membership

20

in a protected class), the plaintiff must plausibly allege that he or she has been intentionally treated differently from others similarly situated and no rational basis exists for that different treatment." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018). Rational basis review, however, is "indulgent and respectful." *Id.* As such, this Court upholds the classification so long as it bears a rational relationship to some legitimate end. *Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018).

Because vaccination status is not a constitutionally protected class, the distinction between vaccinated and unvaccinated patrons and employees drawn in the two challenged policies need only be rational to survive scrutiny. Because there are ample good reasons to treat vaccinated and unvaccinated individuals differently when assessing the risk those individuals pose of spreading Covid-19, the challenged policies easily survive rational basis review. Abadi has not shown otherwise, and so his equal protection claim must fail.

## C. The City's policies are rational.

Abadi also seems to challenge these well-reasoned—and ultimately effective—policies as irrational. However, because these policies do not

21

impair a fundamental right, they are "presumed valid and must be upheld if rationally related to a legitimate governmental objective." *Interport Pilots Agency v. Sammis*, 14 F.3d 133, 145 (2d Cir. 1994). Moreover, the government is due "especially broad" latitude in the context of public health policy—an area "fraught with medical and scientific uncertainties." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020). It is not the courts' role to second-guess the wisdom of the government's decision to credit one view of medical evidence over another. *Sensational Smiles, LLC v. Mullen*, 793 F.3d 281, 285 (2d Cir. 2015).

Abadi does not dispute that the government has a compelling interest in stemming the spread of Covid-19, nor that vaccination is generally an effective strategy to achieve these ends. He instead argues that the Covid-19 vaccine is not actually a vaccine but a "shot"—one that does not prevent contracting the virus (App. Br. 34)—and the lack of an exemption for people who have so-called "natural immunity" means the mandate is not narrowly tailored (App. Br. 35-40). But under rational basis review, there need only be a reasonable fit between the government's stated purpose and the means chosen to advance it, *City of*

22

*Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985), and there is such a fit here.

To begin, Abadi's views on whether or not the Covid-19 vaccine is in fact a vaccine are beside the point (*see* App. Br. 49-52). And while Abadi asserts that vaccination is unnecessary for people who have recovered from a Covid-19 infection, around the time of these policies were enacted, the federal Centers for Disease Control and Prevention explained that the evidence for "natural immunity" was limited; that the level of protection from a previous infection was not the same for all variants; and that evidence suggested the combination of infection-induced immunity and vaccination "significantly enhances protection."[13] The challenged vaccination programs reflect this scientific view, and—as explained above—are entitled to considerable deference.

Importantly, the rationality of the City's decision not to exempt previously infected individuals is further supported by administrative concerns. Indeed, those administrative concerns are deeply intertwined with the scientific ones: it would be difficult for indoor dining,

---

[13] *Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced Immunity*, CDC (last updated Oct. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/vaccine-induced-immunity.html.

entertainment, recreation, and fitness establishments, as well as public employers and contractors, to verify that a person who claims to have recovered from Covid-19 has sufficient antibodies to be meaningfully protected from contracting or spreading the disease. And it is also unclear that they could do so without intruding into the person's medical history or drawing difficult—and, especially at the time, scientifically unsupportable—lines about how long after an infection a person should be exempt from the vaccination requirement. The City's policymakers rationally relied on the science supporting vaccination and the sensible need to create administrable rules when crafting the challenged policies without including an exemption for people who have already been infected.

At bottom, Abadi's argument that the government could have crafted a narrower policy by creating an exception for previously infected individuals does not make these policies irrational. Even if the City could craft more tailored vaccination policies, this would not render the two challenged policies unlawful because the City is not required to prove that it has picked the "best means of promoting a legitimate state interest"—only that the approach it has chosen is "a reasonable means"

24

of addressing the problem. *N.Y. State Trawlers Ass'n v. Jorling*, 16 F.3d 1303, 1309 (2d Cir. 1994). Put differently, rational basis review is "not a post-hoc test of the effectiveness of a legislative policy." *Grand Riv. Enters. Six Nations v. Boughton*, 988 F.3d 114, 122–123 (2d Cir. 2021). Because the methods employed to stamp out the disease have a real or substantial relation to the protection of the public health and the public safety, *Jacobson*, 197 U.S. at 31, Abadi has failed show these policies are irrational.

### D.  Abadi's false imprisonment claim likewise fails.

To establish a claim of a false imprisonment under state or federal law, a plaintiff must allege an unprivileged detention—again, something Abadi has utterly failed to do. *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016); *Urbina v. City of N.Y.*, 672 F. App'x 52, 54 (2d Cir 2016) (there is no seizure unless a reasonable person in the plaintiff's shoes would not have "felt free to leave"). As the district court recognized below, Abadi has not and cannot show that these policies have resulted in confinement (SDNY Dkt. No. 21-cv-8071, ECF No. 24 at 20).

While Abadi subjectively may feel that "[p]risoners in actual prisons often have access to more than [he] had access to" (App. Br. 48),

the fact of the matter is that he is not being detained. He is free to leave his home, to travel within and outside of the City, and to participate in many aspects of public life. Thus, this claim flounders for the same reasons that his Fourteenth Amendment right to travel claim fails: his freedom of movement was and is not being impaired.

### E. Abadi's preemption arguments do not aid him.

Abadi next argues that the vaccination programs are preempted by state and federal law because residents are being subjected to compulsory vaccination with vaccines that have only received emergency authorization (App. Br. 60-62). This argument also fails on the law and the facts.

As a threshold matter, the FDCA can be enforced only by the federal government. 21 U.S.C. § 337. It is well settled that "[p]rivate parties may not bring enforcement suits [under the FDCA]," *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014), because the "FDCA does not create or imply a private right of action," *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 806–07 (1986) (quotation marks omitted). It cannot be enforced by private litigants. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th at 293; *Lloyd v. Sch. Bd. of Palm Beach Cnty.*, 570 F.

26

Supp. 3d 1165 (S.D. Fla. 2021) (holding that private plaintiffs cannot challenge a mask mandate as preempted by the FDCA).

Even if Abadi could pursue an FDCA claim, his preemption claims fail on the merits. The statute authorizes the Secretary of the U.S. Department of Health and Human Services to grant "emergency use authorization" to products that the Secretary believes "may be effective in diagnosing, treating, or preventing" a disease or condition. 21 U.S.C. § 360bbb-3(a), (b), (c)(2). The statute includes an informed-consent provision that obligates the Secretary—and not the City—to ensure that, "to the extent practicable," health care providers inform patients of, among other things, "the option to accept or refuse administration of the product" and "the consequences, if any, of refusing administration of the product." *Id*. § 360bbb-3(e)(1)(a).

It does not constrain governments from imposing conditions based on vaccination status. This reading has been confirmed by a legion of judicial decisions and by the U.S. Department of Justice's Office of Legal Counsel, which has opined that the FDCA does not prohibit governments from mandating that people receive emergency authorized vaccines, but rather concerns only "the provision of information to potential vaccine

27

recipients."[14] Thus, FDCA does not apply to the City and has no preemptive effect on the City's vaccination policies. Even if did, there are two vaccines with full regulatory approval available for adults like Abadi. Abadi's claim that he is being compelled to receive a vaccine with only emergency authorization fails because those two fully FDA-approved alternatives are available.

Finally, Abadi's arguments on conflict and field preemption make little sense (App. Br. 56-60). Like Abadi's other arguments, they rely on his belief that the City has imposed a vaccine mandate through the Key to NYC program. But as explained above, it has not. And to the extent Abadi argues that the public employee vaccination requirement is preempted by a state law requiring informed consent (App. Br. 59-60), that too is nonsensical: the two are simply not the same subject matter and so one cannot preempt the other. Simply put, Abadi's final effort to evade the dismissal of his claims must fail; in addition to crashing into

---

[14] *Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization*, U.S. Dept. of Justice (July 6, 2021), https://www.justice.gov/sites/default/files/opinions/attachments/2021/07/26/2021-07-06-mand-vax.pdf.

the procedural barriers of mootness and standing, he has put forward no set of facts that would entitle him to relief.

## CONCLUSION

The Court should affirm.


Dated:   New York, NY
         January 9, 2022

                                    Respectfully submitted,

                                    HON. SYLVIA O. HINDS-RADIX
                                    *Corporation Counsel*
                                    *of the City of New York*


                              By:   _____
                                    CHLOE K. MOON
                                    Assistant Corporation Counsel

                                    100 Church Street
                                    New York, NY 10007
                                    212-356-2611
                                    cmoon@law.nyc.gov


RICHARD DEARING
DEVIN SLACK
CHLOE K. MOON
   *of Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word, and according to that software, it contains 5,638 words, not including the table of contents, table of authorities, this certificate, and the cover.

_____
CHLOE K. MOON

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Abadi
_____

**CERTIFICATE OF SERVICE***

Docket Number: 22-1560

v.

City of New York
_____

I, Chloe K. Moon _____, hereby certify under penalty of perjury that

(print name)

on 1/9/2023 _____, I served a copy of foregoing Brief for Appellee

(date)

_____

(list all documents)

by (select all applicable)**

___ Personal Delivery       X United States Mail       ___ Federal Express or other
                                                            Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Aaron Abadi | 82 Nassau Street, Apt. 140 | New York | NY | 10038 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

1/9/2023
_____

Today's Date

_____

Signature

Certificate of Service Form (Last Revised 12/2015)