# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**AARON ABADI,**

       Appellant,

v.

                          **Case No. 22-1560**

**CITY OF NEW YORK,**

       Appellee.

On Appeal from:

District Court Case # 1:21-cv-08071-PAE-JLC

In the UNITED STATES DISTRICT COURT

of the SOUTHERN DISTRICT OF NEW YORK

## APPELLANT'S REPLY BRIEF

AARON ABADI, Appellant
82 Nassau Street Apt 140
New York, NY 10038
Tel 516-639-4100
Email: aa@neg.com

## __TABLE OF CONTENTS__                    Page

I.    Table of Authorities……………………………………………3

II.   Introduction…………………………………………………….4

III.  Responses to Defendant's Opposition Brief………………………5

A. Unequal Treatment to Unrepresented Litigant……………………5

B. NYC Builds Up the Success of the Most Failed Vaccine in History…7

C. Standing…………………………………………………………8

D. Caselaw Doesn't Show All Vaccine Objections Denied………….10

E. Mootness………………………………………………………..16

F. Vaccinating those with Natural Immunity………………………..16

G. Political Reasons vs. Community Health…………………………17

H. Equal Protection Claim…………………………………………18

I. NYC Imposed a Vaccine Mandate………………………………..19

J. Arbitrary & Capricious…………………………………………21

K. Plaintiff Alleged Actual Injuries………………………………23

L. The Right to Enforce a Vaccine Mandate………………………..24


IV.   Conclusion……………………………………………………27

V.    Certificate of Compliance………………………………………28

VI.   Certificate of Service……………………………………………29

# I.   TABLE OF AUTHORITIES

**A. CASES**                                                     Pages

Aaron Abadi v. City of New York, No. 22-268, (2d Cir. June 16, 2022)…5,10

Aaron Abadi v. Dept of Labor, OSHA, Application (21A293) US Supreme Ct. 2022………………………………………………………………………21

Anthony Marciano, Applicant v. Eric Adams, Mayor of the City of New York, et al. US Supreme Court Case # 22A178,…………………………………..6

Clementine Co. v. Adams,  2022 2d Cir. July 11, 2022)……………………11

Garvey v. City of New York (N.Y. Sup. Ct., Oct. 24, 2022)…5,6,12,17,18,22

Jacobson v. Commonwealth of Massachusetts, 197 U.S. SC 1905)……..24,25

Medical Professionals for Informed Consent et al, v. Mary T. Basset et al (NYC) Index No: 008575/2022 NY Supreme Ct………………………………….13

National Federation of Independent Business v. Department of Labor, Occupational Safety and Health Administration (2022) 211 L.Ed.2d 448 [142 S.Ct. 661, 666]…………………………………………………………….20,21

Remauro v. Adams (E.D.N.Y., May 13, 2022……………………..11

## B. STATUTES AND OTHER AUTHORITIES      Page

New York PHL §206(1)(l)…………………………………………………….14

## II.    <u>INTRODUCTION</u>

Plaintiff/Appellant hereby responds to Defendant/Appellee, The City of New York's ("NYC") response in opposition to the appeal. NYC tries to argue that there never was a mask mandate, only if you want to work or go to a restaurant, that's your choice. NYC said in its introduction, "…Because these policies only place restrictions on those who choose not to get vaccinated," suggesting that it is therefore not a mandate and not forcing anyone to do anything. You can just stay home, don't work, don't go to a movie or a restaurant. The fact that you want to leave the house is your choice, so we are not forcing anything. That's just plain silly and obnoxious, all in one. NYC claims that it is rational, and not arbitrary and capricious. The evidence and other court's decisions prove that to be untrue.

The entire vaccine mandate concept turned out to be a fraud. The vaccines are not actually vaccines. To be a vaccine, it would need to stop transmission. They promised that, "if you get the vaccine, you won't get Covid," but it was never true. Pfizer themselves always referred to it as mRNA gene therapy, and not a vaccine. The data now shows that the vaccinated have the same or worse chances to get Covid than the unvaccinated. There was never any data to prove otherwise.

NYC instated vaccine mandates that would not allow Plaintiff to work alone in his own business in his own apartment. NYC vaccine mandates caused Plaintiff to be denied access to most public establishments in his own city. The justification

was public health, but all it really accomplished was some kind of strange political agenda. At least two New York Supreme Court judges already ruled in two similar cases that this was arbitrary and capricious. I ask this court to find the same here.

## III.  RESPONSES TO APPELLEE'S OPPOSITION BRIEF

### A.  UNEQUAL TREATMENT TO UNREPRESENTED LITIGANT

Plaintiff/Appellant is an indigent pro se litigant and has not been treated properly in the district court and in this circuit court on the previous filing (case # 22-268). Plaintiff can show evidence of this, if this court would be interested to look into it. The CITY OF NEW YORK ("NYC"), the Defendant/Appellee, stated in its response (Appellee Brief - Doc 54 Page 10) the following: "…given that this Court, in resolving Abadi's earlier appeal from the denial of his motion for a preliminary injunction, found that the appeal had no arguable basis either in law or in fact...," in other words, frivolous. Based on this point, NYC is asking this court to throw out Plaintiff's Appeal.

There was a very similar case brought to the New York Supreme Court, Garvey v. City of New York, with a lot of similar arguments, where the court did not consider it frivolous. The court actually ruled against NYC and wrote the following: "It is clear that the Health Commissioner has the authority to issue public health mandates. No one is refuting that authority. However, the Health

Commissioner cannot create a new condition of employment for City employees. The Health Commissioner cannot prohibit an employee from reporting to work. The Health Commissioner cannot terminate employees. The Mayor cannot exempt certain employees from these orders. Executive Order No. 62 renders <u>all of these vaccine mandates arbitrary and capricious.</u>" Garvey v. City of New York (N.Y. Sup. Ct., Oct. 24, 2022) 2022 N.Y. Slip Op. 22335.

There was even a case brought before the U.S. Supreme Court for an emergent motion for stay, that was also very similar to my case and shared many arguments. Although, ultimately, that court refused to provide the stay, which is usually very difficult to get anyway, the court did not believe it was frivolous. If it was considered to be frivolous, Justice Gorsich would not have put it before the entire court for a decision. That was Case # 22A178, Anthony Marciano, Applicant v. Eric Adams, Mayor of the City of New York, et al.

I don't think I was treated right by throwing the case out, pretty much without explanation, as was done by the district judge, and as this court did to my emergency motion for stay. There was no explanation why it was thrown out. Saying, "no arguable basis," without a reason is like when you were a kid and you asked your parents something and they said no, and when you asked why not, and they responded, "because I said so." I'm sure as a kid you were frustrated by that,

and I am 58 years old and am very offended when I'm treated like I am a stupid kid.

If NYC and the courts want to rule on the merits, that's wonderful. Then they should explain their reasoning and treat me like a person and like an adult. NYC is very proud of that success, and is therefore quoting those decisions, and asks this court to do the same. I ask this court to ignore those decisions and allow this case to be decided on the merits.

**B. NYC BUILDS UP THE SUCCESS OF THE MOST FAILED VACCINE IN HISTORY**

In the statement of the case, A1, NYC claims "Placing this powerful tool in the hands of public health officials changed the course of the pandemic, saved countless lives, and allowed communities around the world to begin to reopen."

While this sounds wonderful and somewhat grandiose, there is no evidence of any such successes. It is easy to say that millions of people would have died if not for the vaccine, but there has not been any proof. On the contrary, the evidence is showing that there are barely any benefits to the vaccines. Vaccinated people are having the same levels of infections, deaths, and hospitalizations from Covid as

the unvaccinated. Saying something over and over, does not suddenly make it true.

The data is out there, and there are now many studies. The vaccine obsessed are saying, well then, get another booster. If they call it quits, then they have to admit they were wrong all along, so it looks like they will be getting booster after booster until reality sets in.

If you look at Exhibit P to the amended complaint, it is an article by the New York Times, titled, "Most of the World's Vaccines Likely Won't Prevent Infection from Omicron." They were so right. Everyone knows this and all the vaccinated people that were promised "if you get the vaccine, you won't get Covid;" well, what do you know, most of them got Covid.

NYC should be careful to say things that are provable and true. Honesty is an important part of the justice system, or at least it should be.

## C. STANDING

In Point 1-A NYC tries to argue that Abadi has no standing with two main points. First, "Abadi certainly could have applied for such employment." That is not true. Exhibit F to the amended complaint in the district court is a screenshot of the website where the job was advertised. It very clearly states that I cannot apply

without being vaccinated. I went as far as I could, but once I hit that page, I understood that it was futile.

The other point that NYC made was that I didn't make clear in my complaint that I was deprived of the use of public places, that I wanted to go, but could not. NYC is suggesting that unless I list the public places specifically, the court should assume that I prefer to stay home. If you read the amended complaint, I believe it is very clear that I wanted to leave my house and enter public indoor establishments. I included a count of false imprisonment. Playing games with words and semantics like that should be beneath the dignity of NYC.

In NYC's own response, in Statement of the Case section B, NYC admits that, "In his amended complaint, he alleges that Key to NYC unlawfully prevents him from going to the gym or eating at restaurants and that the public employee vaccination requirement impermissibly prevents him from applying for a posted job with the City's Department of Sanitation." That should give me more than enough standing at this stage.

Then, there's that third vaccine mandate that forces everyone to vaccinate or you cannot work anywhere. Defendant completely ignores that. In the initial Appellant Brief, page 17 item #7, Plaintiff includes the following: "As of December 27, 2021, the newest order by Dr. Dave A. Chokshi, who is the commissioner of the New York City Department of Health and Mental Hygiene,

dated Dec 13, 2021 (Amended complaint - doc 22 - Exhibit C - page 80 of 309)

went into effect requiring all employers to exclude any employee who was not

vaccinated." That clearly includes me. I certainly have standing regarding that

mandate.

I was banned from working for NYC and NYC contractors, then I was

banned from entering almost every public indoor establishment, and then I was

banned from working for my own business in my own home and/or office. This

caused serious injuries that are still accumulating. This court should find that I

have standing.

### D. THE CASELAW DOES NOT SHOW ALL THE COURTS REJECTING ANY OBJECTIONS TO VACCINATIONS

NYC writes in Statement of the Case A2, "Roughly a dozen challenges to

Key to NYC have been brought in state and federal court. This Court has

rejected all requests for preliminary injunctive relief." NYC is proud of its

successes in court.

However, let's analyze the cases that he brings. First, he brings my case here

in this circuit, Abadi v. City of New York, No. 22-268, ECF Nos. 38, 39 (2d Cir.

June 16, 2022). I responded to that above. This court erred in that decision and did

not give me a chance. They did not explain why they dumped my case, because

there was no explanation. They were sick and tired of pro se idiots filing appeals. If

this was frivolous as they seemed to describe, then why did the New York Supreme Court Judge agree with my claims, and why did the U.S. Supreme Court even entertain an emergent motion in a similar case? See above for more on this.

Besides, he quoted my case there, which was for a preliminary injunction, which has a high bar to succeed. That is not a fair comparison. NYC quoted Clementine Co. v. Adams, 2022 U.S. App. LEXIS 5530 (2d Cir. July 11, 2022), which also included motions for preliminary injunction. The Court did not explain its decision at all in either case, and the cases were not reported. We do not really know what happened there and why. Incidentally, in Dixon, the court "VACATE(D) the district court's order denying Appellants' motion for a preliminary injunction…" These cases were unreported for a reason.

Finally, NYC quoted Remauro v. Adams, which is a very different case. They must have figured, why not add it to the list, no one will notice. It says the following: "Plaintiffs in this case are residents of New York City who take issue with the Key to NYC program. Leticia Remauro owns and operates "a public relations and marketing company" and has clients who own restaurants and bars. First. Am. Compl. ¶ 30. Ms. Remauro reports that she "experienced a drastic decline [in business] due to" Key to NYC. Id" Remauro v. Adams (E.D.N.Y., May 13, 2022, No. 21CV4553ARRTAM) 2022 WL 1525482, at *2. This is about businesses being affected by these mandates. It's not the same case at all.

NYC's response there is a bit misleading. They wrote, "This Court has rejected all requests for preliminary injunctive relief." Then they listed a bunch of cases as I just described. Someone might look at that and think that all the courts denied all the cases of people fighting the vaccine mandates. That is not the truth. See Garvey v. City of New York (N.Y. Sup. Ct., Oct. 24, 2022), see below where I quote a lot from that case.

Let me go out on a limb here. It seems that initially when cases hit the courts, and there's a pandemic, unfortunately some judges jump to quick conclusions and run along with decisions and beliefs in a narrative based on fear and emotions, rather than based on rational thought and compliance with the law. As time progresses, cooler heads prevail, and upon a better and clearer reading of the law and review of the facts, suddenly the trend goes in a more true and proper direction. As you see in my case, the lower court barely gave it a fair shake, and the motion for preliminary injunction at the circuit court was probably not even reviewed. It was dismissed without explanation.

Now, gradually, cases are coming up and judges are doing a deeper dive and looking for the truth. They're no longer believing that vaccines and masks are the difference between life and death. There are laws, and there are aspects that may make these mandates arbitrary and capricious. If NYC truly wanted to solve the situation, they should have approached the legislature and if it truly was the

solution to Covid, they could have had a law passed in no time.  They chose the route that they took, in order to bypass the legislature, because, obviously, they were not going to get any legislation approved.

Only lately the courts are reviewing the truth behind the vaccine mandates, and gradually they are uncovering a real travesty forced onto American citizens.  I sincerely hope this court does that same deep dive now, and looks carefully at what I wrote and at the caselaw.  Today, January 13, 2023, I received notice of yet another case at the New York Supreme Court where a similar vaccine mandate from NYC was overturned.  NYC and its illegal mandates will not look well, and history will show this as a very dark time in the City of New York.

The case that I am referring to is, MEDICAL PROFESSIONALS FOR INFORMED CONSENT et al, v. MARY T. BASSETT et al (The State of New York). The docket # is Index No: 008575/2022.  The decision was filed by the court as I write this, on January 13, 2023. There are some very straightforward, clear, and honest statements that lead this judge to ultimately determine that the particular vaccine mandate is arbitrary and capricious and therefore he overturned it. The case is available on the court's website and I highly recommend that the court looks at the entire decision.  I will present here a few important excerpts.

The judge writes, "The Commissioner is specifically prohibited from implementing a mandatory immunization program for adults and children, "except

as provided in section twenty-one hundred sixty-four and twenty-one hundred sixty five" of the Public Health Law (Public Health Law   §206(1)(1))." And "Respondents are clearly prohibited from mandating any vaccination outside of those specifically authorized by the Legislature." I mention this exact issue in my initial brief, on pages 56 and 57.

The judge continues and says, "It is well settled that in the interpretation of a statute we must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose" (In re Smathers' Will, 309 N.Y. 487,495 [1956]). Public Health Law §§206, 613, 2164, and 2165 thus create a ceiling, limiting what Respondents may do, not a floor demarking the base from which to start. Even without this analysis, the Court of Appeals has already defined the limitations of Respondents' authority regarding vaccine mandates. "[T]he legislature intended to grant NYSDOH authority to oversee voluntary adult immunization programs, while ensuring that its grant of authority would not be construed as extending to the adoption of mandatory adult immunizations" (Garcia at 620). The Mandate, 10 NYCRR §2.61, is beyond the scope of Respondents' authority and is therefore null, void, and of no effect, and Respondents, their agents, officers, and employees are prohibited from implementing or enforcing the Mandate." Ibid

The Judge pointed out something else that is extremely important in that case and in our case too.  He said, "The fourth Boreali factor, special expertise in the field (ibid at 13-14) is implicated as this is a health-related proposal, but for reasons set forth below, it is clear such expertise was not utilized as the COVID-19 shots do not prevent transmission. Respondents fare no better under the "arbitrary and capricious" standard of Article 78. "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (Pell v. Bd. of Ed. of Union Free Sch. Dist. No. 1 of Towns    of Scarsdale & Mamaroneck,Westchester

Cnty., 34 N.Y.2d 222,231 [1974]). The Mandate is entitled "Prevention of COVID-19 transmission by covered entities" (10 NYCRR §2.61). In true Orwellian fashion, the Respondents acknowledge then-current COVID-19 shots do not prevent transmission (see Summary of Assessment of Public Comment, NYSCEF Doc. No. 7, p. 25). The Mandate defines, in the loosest meaning of the word, "fully vaccinated" as "determined by the Department in accordance with applicable federal guidelines and recommendations" (ibid). "[I]t is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (Gawron v.Town of Cheektowaga, 117 A.D.3d 1410, 1412 [Fourth Dept. 2014], citing Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577, 583 [1998]). A term which is defined at the whim of an entity, subject to change without a moment's notice contains all the hallmarks of "absurdity" and is no definition at all. In the alternative, THE COURT FINDS THE MANDATE IS ARBITRARY  AND CAPRICIOUS." Ibid.

NYC is suggesting that the Caselaw is consistently in its favor.  That could possibly have been the case before people were capable of presenting their cases properly, and prior to courts really looking into the facts and the laws. We were all lied to by our public servants, and we are only learning now the extent of those

lies. It is incumbent on this court to do a thorough review of the facts and the laws before deciding this case.

### E. <u>MOOTNESS</u>

NYC said this case is moot, because "Abadi does not argue that his claims are capable of repetition but evade review." I beg to differ. I was very clear about that. NYC also said it is moot, because Plaintiff did not claim damages. I did claim damages (See K. below). If we were given an opportunity for discovery, I would have been required to detail them, and I would have.

### F. <u>VACCINATING THOSE WITH NATURAL IMMUNITY</u>

NYC wrote, "Because there are ample good reasons to treat vaccinated and unvaccinated individuals differently when assessing the risk those individuals pose of spreading Covid-19, the challenged policies easily survive rational basis review." I refuted this completely, and the facts are on my side. The entire obsession with vaccinating those with natural immunity is absurd, it has never been done before, and it is certainly arbitrary and capricious. This was driven by politics, not science. They cannot just create a scientific medical concept that varies from all the data we have had in history, and mandate it without any data or

scientific evidence.  On the contrary, as I have proven in the complaint, the evidence shows that natural immunity is stronger than vaccine immunity.

### G. POLITICAL REASONS vs. COMMUNITY HEALTH

NYC shows some of its true colors by saying the following: "the rationality of the City's decision not to exempt previously infected individuals is further supported by administrative concerns." What does that even mean?! I will tell you. Administrative concerns is code for "political interests."

There is no actual administrative concern here. One third of New Yorkers already had Covid.  Leave them be.  There was no scientific data saying that the immune need vaccination, and actually the data clearly shows the opposite. The requirement to vaccinate those with natural immunity was purely political. It may have been an attempt to beat us all into submission. The vaccines don't seem to have worked at all, and they're not even vaccines, but rather mRNA gene therapies.

As in Garvey, the judge points out, "There was nothing demonstrated in the record as to why a titer was not an acceptable alternative to vaccination, other than a single CDC study entitled "New CDC Study: Vaccination Offers Higher Protection than Previous Covid-19 Infection" which was issued on August 6, 2021." Id  That study was based on a very small data sample and in contrast to

multiple studies that found the opposite, and it has been debunked since. Shame on the CDC and shame on NYC.

As the judge said very appropriately, "If it was about safety and public health, no one would be exempt. It is time for the City of New York to do what is right and what is just." Garvey v. City of New York (N.Y. Sup. Ct., Oct. 24, 2022) 2022 N.Y. Slip Op. 22335.

## H. EQUAL PROTECTION CLAIM

NYC doesn't think that there's a problem of equal protection here. The New York Supreme Court disagrees in a similar case.

"Under the NY Constitution Article 1, § 11, "No person shall be denied the equal protection of the laws of this state or any subdivision thereof." The purpose of this clause is to keep "governmental decisionmakers from treating differently persons who are in all relevant aspects alike." Nicholas v. Tucker, 114 F.3d 17, 20 [2d Cir. 1997]. Where government action draws a distinction between classes of people, "the classification must be reasonable and must be based upon some ground of difference that rationally explains the different treatment." People v. Liberta, 64 N.Y.2d 152, 163, 485 N.Y.S.2d 207, 474 N.E.2d 567 [1984]. Under the NY Constitution Article I, § 7, no person may be deprived of life, liberty, or property without due process of the law.

This Court finds that based upon the analysis above, the Commissioner's Order of October 20, 2021, violated the Petitioners' equal protection rights as the mandate is arbitrary and capricious. The City employees were treated entirely differently from private sector employees, and both City employees and private sector employees were treated entirely differently from athletes, artists, and performers. All unvaccinated people, living or working in the City of New York are similarly situated. Granting exemptions for certain classes and selectively lifting of vaccination orders, while maintaining others, is simply the definition of disparate treatment. Furthermore, selective enforcement of these orders is also disparate treatment." Garvey v. City of New York (N.Y. Sup. Ct., Oct. 24, 2022) 2022 N.Y. Slip Op. 22335.

## I. <u>NYC HAS IMPOSED A VACCINE MANDATE</u>

NYC keeps trying to say it's not a vaccine mandate, and/or it isn't forced. On page 17 Point II NYC writes, "(the) <u>challenged policies do not compel vaccination—they merely condition participation in certain activities and employment   on one's vaccination status.</u>" That's baloney and frankly, gaslighting. In Statement of the Case A2, NYC writes, "<u>While it was in effect, Key to NYC directed that only vaccinated individuals  may  work  in  and patronize indoor  portions  of  "covered premises,"   establishments   where   individuals gather   for  indoor entertainment, recreation, food service, and  fitness.</u>" Yet, NYC keeps saying that it isn't a vaccine mandate.

In Statement of the Case A3, NYC writes, "In its current form, the policy requires all in-person municipal employees and city contractors who work in a workplace or interact with the public to show proof of vaccination." Yet, NYC keeps saying that it isn't a vaccine mandate.

NYC in its response ignored the other vaccine mandate that puts <u>all employees of any company out of work</u>, unless they vaccinate. This is in the amended complaint, and a copy of that vaccine mandate is attached there as Exhibit C. This part goes to the extreme, that if I were in my own home working for myself, I could not work without getting the mRNA gene therapy shot, that they erroneously refer to as a Covid vaccine.

As Plaintiff wrote in the initial Appellant Brief, page 17 item #7, "As of December 27, 2021, the newest order by Dr. Dave A. Chokshi, who is the commissioner of the New York City Department of Health and Mental Hygiene, dated Dec 13, 2021 (Amended complaint - doc 22 - Exhibit C - page 80 of 309) went into effect requiring all employers to exclude any employee who was not vaccinated." That means everyone. That was still in effect and on page 18 of the initial brief, item #9, Plaintiff provided a link to NYC's continuing restrictions of its vaccine mandates for everyone who works. Strangely, Defendant completely ignored that vaccine mandate.

If these are not vaccine mandates, then nothing is. In National Federation of Independent Business v. Department of Labor, O.S.H.A., the U.S. Supreme Court addressed a federal vaccine requirement that had similar demands. You cannot come to work without being vaccinated. The court did not agree to NYC's view and say, well that is not a vaccine mandate. The court is not going to say something so ridiculous. Instead, the court said the following: "It is not our role to weigh such tradeoffs. In our system of government, that is the responsibility of those chosen by the people through democratic processes. Although Congress has indisputably given OSHA the power to regulate occupational dangers, it has not given that agency the power to regulate public health more broadly. Requiring the vaccination of 84 million Americans, selected simply because they work for

employers with more than 100 employees, certainly falls in the latter category." National Federation of Independent Business v. Department of Labor, Occupational Safety and Health Administration (2022) 211 L.Ed.2d 448 [142 S.Ct. 661, 666]

The Supreme Court understood the OSHA vaccine mandates as just that, "vaccine mandates." There was no other way of understanding that. If you cannot come to work or go into any indoor public accommodation, that is the definition of a vaccine mandate. Yes, the federal and state laws are a bit different in regards to who can force vaccines, but as far as the idea of this being a vaccine mandate, there is no argument. The Supreme Court had no such thought, and neither did OSHA even attempt to sell that idea.

This Plaintiff participated in that case before the Supreme Court, as his case Aaron Abadi v. Dept of Labor, OSHA, Application (21A293) US Supreme Ct. 2022, was consolidated with that same case. Plaintiff was there for the oral arguments, and it was very clear from the discussions that such executive orders are vaccine mandates.

### J. ARBITRARY & CAPRICIOUS

NYC says that I claim its vaccine mandates are Arbitrary and Capricious (Appellee Brief Doc 54 pf 17 of 41), but they claim there's a rational basis to them

(id page 30). We only need to look at the case before the New York Supreme Court to confirm that this is arbitrary and capricious. Rather than listen to the arguments of this Plaintiff, who many would say is just a stupid pro se idiot, I'll quote to you verbatim what the Honorable Ralph J. Porzio, Judge at the New York Supreme Court said.  Hopefully, this court won't assume it's lacking an arguable basis either in law or in fact.

"The Mayor, in issuing Executive Order No. 62, made a different decision for similarly situated people based on identical facts. There is nothing in the record to support the rationality of keeping a vaccination mandate for public employees, while vacating the mandate for private sector employees or creating a carveout for certain professions, like athletes, artists, and performers. This is clearly an arbitrary and capricious action because we are dealing with identical unvaccinated people being treated differently by the same administrative agency. See Italian Sons & Daughters, Inc. v. Common Council of Buffalo, 89 A.D.2d 822, 453 N.Y.S.2d 962 [4th Dept. 1982]." Garvey v. City of New York (N.Y. Sup. Ct., Oct. 24, 2022) 2022 N.Y. Slip Op. 22335

"The Court finds that in light of the foregoing, the vaccination mandates for public employees and private employees is arbitrary and capricious. There was nothing demonstrated in the record as to why there was a vaccination mandate issued for only public employees in October 2021. This Court notes that Covid-19 rates were averaging under 1,500 per day in October 2021, significantly lower than today's average Covid-19 rates.2 There was nothing demonstrated in the record as to why the private sector mandate was issued months later in December 2021. There was nothing demonstrated in the record as to why exemptions were issued for certain professions in March 2022 under Executive Order No. 62. There was nothing demonstrated in the record as to why employees were kept at full duty during the months-long pendency of their exemption appeals. There was nothing demonstrated in the record as to why a titer was not an acceptable alternative to vaccination, other than a single CDC study entitled "New CDC Study: Vaccination Offers Higher Protection than Previous Covid-19 Infection" which was issued on August 6, 2021." Ibid

"This Court does not have a basis to disagree with temporary vaccination orders during a public health emergency, however, ordering and enforcing that vaccination policy on only a portion of the populace for an indefinite period of time, is akin to legislating. It appears that in issuing this indefinite order, usurping the power of the legislature, the Health Commissioner has acted beyond his authority." Ibid

## K. <u>ABADI HAS ALLEGED ACTUAL INJURIES</u>

In NYC's argument point 1B on page 23 of the Appellee's Brief, NYC tries to argue that Plaintiff did not allege any actual damages. That is not true. While the injuries were continuous, so Plaintiff could not completely quantify and qualify all the damages, he certainly alleged damages. The specifics will be more clearly itemized and presented during the discovery process and trial.

In the Amended Complaint page 32 item 113, Plaintiff alleges the following: Plaintiff has been banned from and continues to be banned from tens of thousands of public places throughout the city. Accordingly, Plaintiff's personal autonomy and livelihood are being infringed. By presenting these adverse professional and personal consequences, the NYC Vaccine Mandates not only directly and palpably harms Plaintiff's bodily autonomy and dignity, but it forces him to endure the stress and anxiety of choosing between employment, upon which he and his family relies on, and his health."

Plaintiff lost income through his inability to work, which is pretty clear, but also is understood. The specifics were not fully calculated as the injuries were ongoing. The false imprisonment and anxiety from Plaintiff's inability to go anywhere was there and/or implied. If the court felt this was not sufficiently clear, they should have allowed for an amendment to bring more clarification, and/or dismiss it without prejudice.

## L. <u>THE RIGHT TO ENFORCE A VACCINE MANDATE</u>

NYC in all its media narratives, court filings, and correspondences love presenting Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 25–27 (1905), as the model law to back up their overreach and illegal vaccine mandates. This is a bit strange and hypocritical, as they are also saying that it is not a vaccine mandate. Let's address their usage of this caselaw.

Jacobson v. Commonwealth of Massachusetts is solid caselaw describing a situation where forced vaccinations are an appropriate and legal decision by the state, and within its powers. The Commonwealth of Mass. wrote the following: "Whereas, smallpox has been prevalent to some extent in the city of Cambridge, and still continues to increase; and <u>whereas, it is necessary for the speedy extermination of the disease that all persons not protected by vaccination should be vaccinated…</u>" Jacobson v. Commonwealth of Massachusetts (1905) 197 U.S. 11,

12 [25 S.Ct. 358, 359, 49 L.Ed. 643]. The keywords here are underlined. The main justification is for public health. They cannot force vaccines or medical treatment for each person's own personal health. The state/commonwealth is responsible for the health of the people as a whole.

The vaccines as we used to know them, worked wonders. If everyone or an overwhelming majority took them, then we obliterated the disease. If there were multiple objectors, we can ruin our chances of success of obliterating the disease. Flu shots on the other hand were never suggested to be forced, and the country would be in an uproar if they were. Flu shots mostly affect each individual, not the general public as a whole.

With the Covid vaccine, they played a game. They called them vaccines, even though they're just mRNA gene therapy. They called it a vaccine, so that they can rely on Jacobson and force it on everyone. Call it what you want, but if it doesn't stop the transmission of the disease, Jacobson's concepts no longer apply. Playing word games does not modify something false to become the truth.

In Jacobson the court says, "the police power of a state must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and the public safety." That's the main and only justification for taking away people's rights. They cannot control each private person's medical decisions, but they can and should control issues of public

health. If a few people make bad health decisions, like eating high calorie fatty foods every meal, the state cannot and should not interfere. If, however, there's small pox and the only way to obliterate the disease completely is to have everyone vaccinated, then the use of police power is justified and honorable.

The Covid so-called vaccine AKA mRNA gene therapy has no such benefits. Transmission of the disease continued as if nothing was done. The only benefits of the vaccine were said to be that if you got the vaccine, you will get a milder case of Covid. There's no way to prove that, but so say the prophets of the federal and state governments. It is reminiscent of ancient times where people went to the quack doctor and they gave them herbs and garlic. There was no medicinal value in what they gave, but if you asked them why it's not helping, they'll tell you, "if not for these medicines, the patient would have died." How can you prove that wrong. It is just plain silly, and it is beneath the federal and state governments to play such games.

"There are manifold restraints to which every person is necessarily subject for the common good. On any other basis organized society could not exist with safety to its members." Ibid. That was the court's justification for the state to force vaccinations. If I lived in those days, I would have gotten vaccinated immediately, and I would have fully supported forcing everyone else to be vaccinated, with the exception of those with medical exemptions. Today, here and now, this issue is

completely different, and there's no justification for this excessive use of police power to take away rights, when it has no meaningful benefit to PUBLIC HEALTH. "The good and welfare of the commonwealth, of which the legislature is primarily the judge, is the basis on which the police power rests in Massachusetts." Ibid.

In our story, the good and welfare of the state, is for the government to stop its overreach.

## IV. <u>CONCLUSION</u>

The City of New York went to the extreme to require even a person who lives alone to run a business from his own kitchen, that he must have a vaccine. There is no benefit to the City, to public health, or to anything else. The only benefit is to force this unsuccessful vaccine in order to promote Democratic Party power. If anything is Arbitrary & Capricious, this takes the cake.

The district court erred in its decision to dismiss this case, and should have allowed Plaintiff to litigate it with a full discovery process and trial.

**WHEREFORE**, Appellant respectfully requests from this Court to determine that the NYC vaccine mandates are and were unlawful, and to reverse the decision of the district court's dismissal of this case, and remand this case to be properly tried.

Respectfully submitted on January 13, 2023,

s/Aaron Abadi
AARON ABADI, Appellant
82 Nassau Street Apt 140
New York, NY 10038
Tel 516-639-4100
Email: aa@neg.com

## V.    CERTIFICATE OF COMPLIANCE

This appellant's reply brief complies with the limit of 14,000 words established by

Local Rule 28.1.1 (a) because it contains 6,063 words as measured by Microsoft

Word excluding sections not counted pursuant to FRAP 32(f).

s/Aaron Abadi
AARON ABADI, Appellant  Date January 13, 2023

## VI.     <u>CERTIFICATE OF SERVICE</u>

I, Aaron Abadi, hereby certify that on January 13, 2023 I filed the foregoing reply

brief with the Court's CM/ECF electronic filing system, which automatically sends

a copy to the Appellee electronically, to the following.

HON. SYLVIA O. HINDS-RADIX
Corporation  Counsel of the City of New York
Chloe K. Moon
New York City Law Department
100 Church St.
212-356-2611
cmoon@law.nyc.gov


s/Aaron Abadi
Aaron Abadi, Appellant      January 13, 2023